[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 08-14957
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 29, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 93-00252-CR-UU

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CHEDRICK CRUMMIE,
a.k.a. Shatrack,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(May 29, 2009)

Before BLACK, CARNES and WILSON, Circuit Judges.

PER CURIAM:

Chedrick Crummie, through counsel, appeals the sentence imposed by the district court following its grant of his *pro se* motion for a reduced sentence, pursuant to 18 U.S.C. § 3582(c)(2). Crummie's § 3582(c)(2) motion was based on Amendment 706 to the Guidelines, which reduced the base offense levels applicable to crack cocaine offenses. Crummie asserts the district court erred in determining the extent of his sentence reduction, under § 3582(c)(2), without considering the 18 U.S.C. § 3553(a) factors.

A district court's resolution of a motion under § 3582(c)(2), based on a subsequent change in the Sentencing Guidelines, is reviewed for abuse of discretion. *See United States v. Brown*, 332 F.3d 1341, 1343 (11th Cir. 2003). When considering a § 3582(c)(2) motion, a district court must engage in a two-part analysis. "Initially, the court must recalculate the sentence under the amended guidelines, first determining a new base level by substituting the amended guideline range for the originally applied guideline range, and then using that new base level to determine what ultimate sentence it would have imposed." *United States v. Bravo*, 203 F.3d 778, 780 (11th Cir. 2000). It is apparent from the resentencing order that the district court calculated Crummie's amended Guidelines range.

2

Next, the court must decide, in light of the § 3553(a) factors and in its discretion, whether it will impose the newly calculated sentence or retain the original sentence. *Id.* at 781. While a district court must consider the § 3553(a) factors in making this determination, it "commits no reversible error by failing to articulate specifically the applicability—if any—of each of the . . . factors, as long as the record demonstrates that the pertinent factors were taken into account by the district court." *United States v. Eggersdorf*, 126 F.3d 1318, 1322 (11th Cir. 1997). There is nothing in the record that indicates the district court took into account the § 3553(a) factors when deciding to reduce Crummie's sentence to the high end of the amended Guidelines range. Without such information, we lack a meaningful basis from which we can determine whether the district court abused its discretion in deciding how much to reduce Crummie's sentence. *See United States v. Williams*, 557 F.3d 1254, 1257 (11th Cir. 2009). Accordingly, we vacate the district court's order and remand for further consideration and explanation.

**VACATED and REMANDED.**