[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-16008
Non-Argument Calendar

_____

D.C. Docket No. 8:04-cr-00035-JSM-EAJ-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JULIAN A. BUTLER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(October 11, 2012)

Before TJOFLAT, HULL and KRAVITCH, Circuit Judges.

PER CURIAM:

Julian Butler, a federal prisoner convicted of a crack cocaine offense,

appeals the district court's order reducing his sentence, pursuant to 18 U.S.C.

§ 3582(c)(2), based on Amendment 750 to the United States Sentencing

Guidelines.  On appeal, Butler argues that the district court failed to consider the

18 U.S.C. § 3553(a) factors before sua sponte reducing his sentence.  The district

court's order did not mention § 3553(a) at all.  The government concedes that the

district court erred, and we agree.

In considering whether to reduce a defendant's sentence pursuant to

§ 3582(c)(2), the district court must first recalculate the defendant's advisory

guidelines range under the amended guidelines.  United States v. Bravo, 203 F.3d

778, 780 (11th Cir. 2000).  The district court "next must consider the sentencing

factors listed in 18 U.S.C. § 3553(a), as well as public safety considerations, and

may consider the defendant's post-sentencing conduct, in evaluating whether a

reduction in the defendant's sentence is warranted and the extent of any such

reduction."  United States v. Williams, 557 F.3d 1254, 1256 (11th Cir. 2009).  The

district court "is not required to articulate the applicability of each factor, as long

as the record as a whole demonstrates that the pertinent factors were taken into

account by the district court.  Id. (quotation marks omitted).  The district court's

consideration of the factors may be demonstrated based on the "record as a

whole."  Id.  However, if it is not possible to determine from the record whether

the district court considered the § 3553(a) factors, we must vacate and remand the case to the district court. Id. at 1257.

Here, nothing in the record indicates that the district court considered the § 3553(a) factors in choosing a new sentence. The district court order established that, after Amendment 750, Butler's new guidelines range was 92 to 115 months and reduced Butler's prison term to 103 months. However, the district court's order did not mention the § 3553(a) factors at all. In addition, because the district court ruled sua sponte, there were no prior pleadings or arguments as to the applicability of the § 3553(a) factors that the district court could have considered before it reduced Butler's sentence. Cf. United States v. Smith, 568 F.3d 923, 928-29 (11th Cir. 2009) (concluding that the record showed consideration of the § 3553(a) factors where the district court's order referred to the defendant's motion, which argued that the § 3553(a) factors supported a more lenient sentence, and the district court held a hearing at which the parties argued the applicability of the factors).

Because here the record as a whole does not show that the district court considered the § 3553(a) factors, we vacate Butler's sentence and remand for further proceedings consistent with this opinion.

**VACATED AND REMANDED.**

3