[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-10961
Non-Argument Calendar
_____

D.C. Docket No. 6:10-cr-00001-BAE-GRS-2


UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

KEVIN LAMONT GOURDINE,

Defendant - Appellant.


_____

Appeal from the United States District Court
for the Southern District of Georgia
_____

(August 10, 2015)

Before MARTIN, JORDAN, and ANDERSON, Circuit Judges.

PER CURIAM:

Kevin Lamont Gourdine, a federal prisoner proceeding *pro se*, appeals from the district court's partial grant of his motion for a reduced sentence under 18 U.S.C. § 3582(c)(2) and Amendment 782 of the Sentencing Guidelines.  He argues that the district court erred in only granting a 10-month reduction in his sentence under the factors set forth in 18 U.S.C. § 3553(a).  Liberally construing Mr. Gourdine's *pro se* brief, *see United States v. Hung Thien Ly*, 646 F.3d 1307, 1316 (11th Cir. 2011), we reverse because there is no indication whatsoever in the record that the district court considered the § 3553(a) factors.  *See United States v. Williams*, 557 F.3d 1254, 1257 (11th Cir. 2009) (explaining, in the § 3582(c)(2) context, that a district court must consider the § 3553(a) factors in evaluating whether to reduce a defendant's sentence).

## I

Mr. Gourdine was indicted in 2010 by a federal grand jury for his role in a conspiracy to distribute cocaine and marijuana.  He pled guilty to a lesser-included conspiracy charge.  Under the 2009 Sentencing Guidelines, Mr. Gourdine was assigned a base offense level of 34, and a criminal history category of V.  This established an advisory guideline range of 235 to 293 months' imprisonment.  The statutory maximum term of imprisonment, however, was capped at 20 years, so the advisory guideline imprisonment range became 235 to 240 months.

2

The district court sentenced Mr. Gourdine to 225 months' imprisonment.  At the sentencing hearing, the district court indicated that the reason for the 10-month downward variance was because Mr. Gourdine had waived his right to appeal.  *See* D.E. 184 at 70.  In its statement of reasons, the district court indicated that it had considered the § 3553(a) factors.

In 2014, the Sentencing Commission issued Amendment 782, which reduced the offense level for certain drug trafficking offenses by 2 levels.  That same year, Mr. Gourdine, proceeding *pro se*, filed a motion for a reduced sentence under § 3582(c)(2) based on Amendment 782.

It is undisputed that Mr. Gourdine is eligible for a sentence reduction under Amendment 782.  Based on the 2-level reduction, Mr. Gourdine's guideline range became 188 to 235 months' imprisonment.  He requested that the district court consider the § 3553(a) factors and reduce his sentence to 180 months.  *See* D.E. 280 at 3.  The district court, in a two-page form order, reduced Mr. Gourdine's sentence from 225 months' imprisonment to 215 months.  *See* D.E. 301 (page 1 of the § 3582(c)(2) order); PSI (sealed page 2 of the § 3582(c)(2) order).  The order does not indicate whether the district court considered the § 3553(a) factors.  Page 1 of the order merely checks a box granting Mr. Gourdine's motion and indicates that the reduction is from 225 months to 215 months.  Page 2 of the order, which is sealed, lists the initial and new advisory guideline ranges for Mr. Gourdine and

states that "[t]he reduced sentence is within the amended guideline range."  The section on page 2 of the order for "additional comments" is blank.


## II

We have explained that "the district court must make two distinct determinations before deciding whether to reduce a defendant's sentence under § 3582(c)(2)." *United States v. Vautier*, 144 F.3d 756, 760 (11th Cir. 1998).  First, the district court "must substitute the amended guideline range for the originally applied guideline range and determine what sentence it would have imposed." *Id.* "Second, . . . the court must consider the factors listed in § 3553(a) and determine whether or not to reduce the defendant's original sentence." *Id.  See also* U.S.S.G. § 1B1.10 cmt. 1(B) ("Consistent with 18 U.S.C. 3582(c)(2), the court shall consider the factors set forth in 18 U.S.C. 3553(a) in determining [ ] whether a reduction in the defendant's term of imprisonment is warranted[.]"); *Williams*, 557 F.3d at 1257 (same).  "The district court abuses its discretion if it fails to apply the proper legal standard or to follow proper procedures in making its determination." *United States v. Jules*, 595 F.3d 1239, 1241–42 (11th Cir. 2010) (internal quotation marks and brackets omitted).

Here, the district court partially granted Mr. Gourdine's motion for a reduced sentence in a two-page form order.  The order does not indicate whether

4

the district court considered the § 3553(a) factors; in fact, it does not even mention or cite the § 3553(a) factors. And although a hearing was not required, the record does not contain transcripts from any hearings at which the district court may have considered the § 3553(a) factors when ruling on Mr. Gourdine's motion.

The government says that the district court "used a form that typically would recite the court's consideration of the relevant Sentencing Guidelines and statutes." Br. for the United States at 6 n.3. The government acknowledges, however, that such language is not included on the form order used in this case, and it believes that the language "appears to have been excised accidentally." *Id.* Even if the government is correct, the fact remains that the district court's form order makes no mention of the § 3553(a) factors.

The government argues that because Mr. Gourdine's motion for a reduced sentence set forth the § 3553(a) factors, the record shows that the district court considered the factors in granting Mr. Gourdine's motion. We disagree.

In *United States v. Eggersdorf*, 126 F.3d 1318, 1322 (11th Cir. 1997), we held that a district court does not abuse its discretion where the "record as a whole" shows that the district court considered the § 3553(a) factors. In *Eggersdorf*, the district court, in its order denying resentencing, "stated that it had 'reviewed the motions, . . . the record, and [had] be[en] otherwise duly advised[.]'" *Id.* That is

5

not the case here; all we have is a two-page order reducing Mr. Gourdine's sentence from 225 months to 215 months "[u]pon motion of [ ] the defendant[.]"

On this record, we conclude that district court abused its discretion by failing to consider the § 3553(a) factors when it reduced Mr. Gourdine's sentence by 10 months. *See Jules*, 595 F.3d at 1241–42; *Williams*, 557 F.3d at 1257.

## III

We reverse the district court's order partially granting Mr. Gourdine's § 3582(c)(2) motion and remand for consideration of that motion under the factors set forth in § 3553(a).

**REVERSED AND REMANDED.**