[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-11361
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 9, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 04-00046-CR-4

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MAURICE LAWRENCE WILLIAMS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(February 9, 2009)

Before BIRCH, MARCUS and ANDERSON, Circuit Judges.

PER CURIAM:

Maurice Lawrence Williams, a federal prisoner proceeding pro se, appeals

the district court's sentence imposed after granting his motion to reduce sentence under 18 U.S.C. § 3582(c)(2). Williams argues that the district court erred in lowering his sentence by only three months because the amended guidelines do not adequately rectify the disparate treatment of individuals sentenced for crack cocaine crimes. Because the record does not make clear whether the district court considered the 18 U.S.C. § 3553(a) factors when resentencing Williams, we VACATE Williams's sentence and REMAND for further proceedings consistent with this opinion.

## I. BACKGROUND

In 2004, Williams was convicted of distribution of crack cocaine ("Count 1") and carrying a firearm during a drug offense ("Count 4"). R1-35. The district court calculated Williams's base offense level at 20. After awarding Williams a three-level reduction for acceptance of responsibility, the court arrived at a total offense level of 17. Williams's criminal history category was set at IV, yielding a guideline range of thirty-seven to forty-six months of imprisonment for Count 1, followed by a consecutive sixty-month sentence for Count 4. The district court sentenced Williams to forty months of imprisonment for Count 1, followed by the consecutive sixty-month sentence for Count 4 for a total of one hundred months of imprisonment. Id. at 2.

Williams filed a motion for reduction of sentence pursuant to 18 U.S.C.

§ 3582(c)(2) and Amendment 706.  R1-54 at 1-2.  In his motion he asserted, <u>inter</u>

<u>alia</u>, that mandatory treatment of the amended provisions of U.S.S.G. § 1B1.10 and

§ 2D1.1 would violate <u>United States v. Booker</u>, 543 U.S. 220, 125 S. Ct. 738

(2005), and <u>Kimbrough v. United States</u>, 552 U.S. ___, 128 S. Ct. 558 (2007).  R1-

54 at 2-3.

On 13 March 2008, the district court reduced Williams's sentence for Count

1 from forty to thirty-seven months of imprisonment, based on a reduction of his

base offense level from 17 to 15.  The sixty-month sentence for Count 4 remained

unchanged.  R1-55.  The two-level reduction of the base offense level resulted in

an amended guideline range of thirty to thirty-seven months of imprisonment on

Count 1 – down from his original range of thirty-seven to forty-six months.

Williams now appeals the district court's amended sentence to us.

## II.  DISCUSSION

"We review a district court's decision whether to reduce a sentence pursuant

to 18 U.S.C. § 3582(c)(2), based on a subsequent change in the sentencing

guidelines, for abuse of discretion."  <u>United States v. Brown</u>, 332 F.3d 1341, 1343

(11th Cir. 2003).  "[W]e review <u>de novo</u> the district court's legal conclusions

regarding the scope of its authority under the Sentencing Guidelines."  <u>United</u>

3

States v. Moore, 541 F.3d 1323, 1326 (11th Cir. 2008) (quotation marks omitted).

A district court may modify a term of imprisonment in the case of a defendant who was "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). This authority is limited to those guideline amendments listed in U.S.S.G. § 1B1.10(c) that "have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B) (Nov. 2008). Amendment 706 is listed in § 1B1.10(c). See U.S.S.G. App. C, amend. 713 (Nov. 2008). Effective 1 November 2007, Amendment 706 adjusted downward by two levels the base offense level assigned to each threshold quantity of crack cocaine listed in the Drug Quantity Table in U.S.S.G. § 2D1.1. See id. Accordingly, a district court has discretion to reduce the sentence of a defendant whose sentencing range has been lowered by Amendment 706.

Any sentencing reduction, however, must be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). The Sentencing Commission's policy statements direct that a defendant is not entitled to a full resentencing during § 3582(c)(2) proceedings. U.S.S.G. § 1B1.10(a)(3). The Commission's policy statement further provides that district courts are to determine the amended guideline range that would have been

4

applicable to the defendant if the subsequently amended provision had been in effect at the time the defendant was originally sentenced. U.S.S.G. § 1B1.10(b)(1). This is achieved by substituting the amended provision for the corresponding guideline provision that was applied when the defendant was sentenced, while "leav[ing] all other guideline application decisions unaffected." Id. Thus, a district court may not reconsider any of its original sentencing determinations other than the provision subject to the amendment. United States v. Bravo, 203 F.3d 778, 781 (11th Cir. 2000).

After recalculating the guidelines, the district court next must consider the sentencing factors listed in 18 U.S.C. § 3553(a), as well as public safety considerations, and may consider the defendant's post-sentencing conduct, in evaluating whether a reduction in the defendant's sentence is warranted and the extent of any such reduction. U.S.S.G. § 1B1.10, comment. 1(B); see also United States v. Vautier, 144 F.3d 756, 760 (11th Cir. 1998) (holding that the district court "must consider the factors listed in § 3553(a)" when determining whether to reduce a defendant's original sentence). The district court is not required to articulate the applicability of each factor, "as long as the record as a whole demonstrates that the pertinent factors were taken into account by the district court." Vautier, 144 F.3d at 762 (citing United States v. Eggersdorf, 126 F.3d 1318, 1322 (11th Cir. 1997)

5

(finding that the district court's short order, referencing the government's brief that enumerated specific elements relevant to a § 3553(a) inquiry, provided sufficient reasons for the court's sentence)).  In Eggersdorf, we found that the district court's statement that it had "reviewed the motions, the Government's [response], the record, and [] otherwise [was] duly advised" was sufficient, especially as (1) the motion set forth the § 3553(a) factors "word for word," (2) the government's response cited facts "relevant to the . . . section 3553(a) inquiry," and (3) the same judge presided over both the original sentencing and re-sentencing.  Eggersdorf, 126 F.3d at 1322-23.  While the district court must undertake this two-step analysis, its decision whether to reduce the defendant's sentence, and to what extent, remains discretionary.  See Vautier, 144 F.3d at 760.

Although Williams does not expressly raise the issue on appeal in so many words, we liberally interpret Williams's argument as a challenge to the court's failure to address the § 3553(a) factors prior to his resentencing.  In this case, the district court summarily granted Williams's motion for a sentence reduction, without discussing the § 3553(a) factors, as required under § 1B1.10 and Vautier.  Vautier, 144 F.3d at 762; U.S.S.G. § 1B1.10, comment. 1(B); R1-55.  While we have considered a district court's failure to adequately discuss the § 3553(a) factors only in those cases in which sentencing courts have denied motions for sentence

6

reduction, we see no reason why the same underlying rationale should not extend to instances in which district courts grant such motions. The commentary to § 1B1.10 specifically provides that a sentencing court "shall consider the factors set forth in 18 U.S.C. § 3553(a) in determining: (I) whether a reduction in the defendant's term of imprisonment is warranted; and (II) the extent of such reduction." U.S.S.G. § 1B1.10, comment. (n.1(B)(i)). When considered in conjunction with our relevant precedent, the guideline's commandment admits of little ambiguity. Accordingly, we conclude that the district court was required to consider the § 3553(a) factors in making its reduction determination and observe that the record does not allow us to further conclude that the district court did so on this occasion.

## III. CONCLUSION

Williams appeals the district court's sentence imposed after granting his motion to reduce sentence under 18 U.S.C. § 3582(c)(2). Because the record is silent as to whether the district court considered the 18 U.S.C. § 3553(a) factors when resentencing Williams, we VACATE Williams's sentence and REMAND for further proceedings consistent with this opinion.