[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 2, 2009
THOMAS K. KAHN
CLERK

No. 09-13805
Non-Argument Calendar

_____

D. C. Docket No. 00-14032-CR-DMM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALPHONSO WYNN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(December 2, 2009)

Before EDMONDSON, BIRCH and BLACK, Circuit Judges.

PER CURIAM:

Alphonso Wynn, a *pro se* federal prisoner, appeals the sentence imposed upon resentencing by the district court following its grant of his *pro se* motion for a reduced sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 706 to the Sentencing Guidelines, and the denial of his motion for reconsideration. Previously, the district court granted Wynn's § 3582(c)(2) motion and reduced his sentence to 136 months' imprisonment. However, we remanded to the district court because it was not apparent from the record whether the district court had considered the 18 U.S.C. § 3553(a) factors. On remand, the district court again reduced Wynn's sentence to 136 months' imprisonment, which was at the middle of his amended Guidelines range.

Wynn asserts the district court abused its discretion and violated this Court's order by failing to consider his family's health under either the § 3553(a) factors or U.S.S.G. § 5H1.6. Wynn further contends the district court violated *Clisby v. Jones* 960 F.2d 925 (11th Cir. 1992) (en banc), by failing to address the merits of his claim or to make a legal finding as to why he was not entitled to a lower sentence under § 3553(a).

The district court did not abuse its discretion in determining the extent of the sentence reduction because the record demonstrates it took into account the pertinent § 3553(a) factors. *See United States v. White*, 305 F.3d 1264, 1267 (11th

2

Cir. 2002) (reviewing for abuse of discretion a district court's decision whether to reduce a sentence pursuant to § 3582(c)(2)). The district court explicitly stated it had considered the § 3553(a) factors and found the middle of the amended Guidelines range was the appropriate sentence due to the need to protect the public. *See* 18 U.S.C. § 3553(a)(2)(C); *United States v. Williams*, 557 F.3d 1254, 1256 (11th Cir. 2009) (stating, if the defendant is eligible for a sentence reduction, the district court must consider the § 3553(a) factors as well as public safety considerations, regardless of whether it ultimately denies or grants § 3582(c)(2) relief). Additionally, § 5H1.6 is not a retroactively applicable Guidelines amendment and the district court could not consider it in a § 3582(c)(2) proceeding. U.S.S.G. § 1B1.10(a)(2)(A). Contrary to Wynn's contentions, the district court's order indicates it did consider his wife's health condition, but the condition was not sufficient to overcome the concern for public safety. Further, Wynn's reliance on *Clisby* is misplaced, both because the district court resolved all claims before it and because the *Clisby* doctrine, by its own terms, is available only in habeas proceedings. *See Clisby*, 960 F.2d at 936 (instructing district court to resolve all claims in a federal habeas petition, regardless of whether habeas relief is granted or denied). Accordingly, we affirm the district court.

**AFFIRMED.**

3