[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APR 6, 2011
JOHN LEY
CLERK

No. 10-14656
Non-Argument Calendar
_____

D.C. Docket No. 2:95-cr-00129-JHH-TMP-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WILLIE CLAY MEANS,
a.k.a. Big Man,
a.k.a. Uncle Bob,
a.k.a. B-Man,
a.k.a. Clay Bird,
a.k.a. C-Man,
a.k.a. Clay,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(April 6, 2011)

Before EDMONDSON, MARCUS and KRAVITCH, Circuit Judges.

PER CURIAM:

Willie Clay Means, a prisoner proceeding pro se, appeals the denial of his 18 U.S.C. § 3582(c)(2) motion for resentencing. Means argues on appeal that Amendment 591 of the Sentencing Guidelines warrants a reduction in his sentence of life imprisonment to a statutory maximum of 20 years' imprisonment, because: (1) the conspiracy count of the indictment did not specify an amount of crack cocaine, and, thus, his statutory maximum necessarily was determined under 21 U.S.C. § 841(b)(1)(C), which did not include a drug quantity amount; and (2) the jury was not required to find the quantity of drugs involved in the offense, and, had Amendment 591 been in effect at the time of his sentencing, the government would have been required to charge a drug quantity in the indictment. After thorough review, we affirm.[1]

We review "a district court's decision whether to reduce a sentence pursuant to 18 U.S.C. § 3582(c)(2), based on a subsequent change in the sentencing guidelines,

---

[1] As an initial matter, the government's challenge to Means's allegedly untimely notice of appeal must fail because Means's notice of appeal, signed September 26, 2010, was filed prior to the October 5, 2010, entry of judgment of the order denying his § 3582(c)(2) motion. See Day v. Hall, 528 F.3d 1315, 1318 (11th Cir. 2008) (holding that under the "prison mailbox rule," a pro se prisoner's pleading is considered filed on the date it is delivered to prison authorities to be mailed, and absent evidence to the contrary, we presume that a prisoner delivered his pleading to prison officials on the day it was signed); Fed.R.App.P. 4(b)(2). Thus, Means's notice of appeal was timely filed, and we have jurisdiction to consider his appeal.

for abuse of discretion." United States v. Williams, 557 F.3d 1254, 1256 (11th Cir. 2009) (quotations omitted). However, we review "de novo the district court's legal conclusions regarding the scope of its authority under the Sentencing Guidelines." Id. (quotations omitted).

Under § 3582(c)(2), a district court has discretion to reduce the term of imprisonment of an incarcerated defendant when that defendant has been sentenced "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Any reduction, however, must be "consistent with applicable policy statements issued by the Sentencing Commission." Id. A reduction of a term of imprisonment is not consistent with applicable policy statements -- and is, therefore, not authorized under § 3582(c)(2) -- if the retroactive amendment does not have the effect of lowering the defendant's applicable guidelines range. U.S.S.G. § 1B1.10(a)(2)(B).

Retroactive Amendment 591 clarified that the enhanced penalties in U.S.S.G. § 2D1.2, including an enhancement for distributing drugs near protected locations, can only be applied when the defendant is convicted of an offense referenced to § 2D1.2. United States v. Moreno, 421 F.3d 1217, 1219 (11th Cir. 2005); U.S.S.G. App. C, Amend. 591. Amendment 591 "requires that the initial selection of the offense guideline be based only on the statute or offense of conviction rather than on

judicial findings of actual conduct not made by the jury." Moreno, 421 F.3d at 1219.

In other words, the amendment "directs the district court to apply the guideline dictated by the statute of conviction, but does not constrain the use of judicially found facts to select a base offense level within the relevant guideline." Id. at 1219-20.

Here, the district court properly denied Means's § 3582(c)(2) motion for a reduced sentence. As the record shows, Means was convicted of several drug offenses, including two counts of distribution of crack cocaine within 1,000 feet of a school, in violation of 21 U.S.C. § 860. As a result, the court calculated Means's base offense level under U.S.S.G. § 2D1.2(a)(1) because it was the highest offense level of all of his counts. Thus, Amendment 591 does not apply in this case because the application of § 2D1.2 was based on conduct found by the jury and not by judicial findings. See Moreno, 421 F.3d at 1219-20.

Furthermore, the two counts of distribution of cocaine near a school were subject to a statutory mandatory minimum of life imprisonment based on Means's enhanced sentence for his prior felony drug offenses, pursuant to 21 U.S.C. § 851, which means that any change to the court's guideline calculation under § 2D1.2 would not affect the length of his sentence. Accordingly, because the application of Amendment 591 would not have changed his applicable guideline range, Means was not eligible for relief under § 3582(c)(2). See U.S.S.G. § 1B1.10(a)(2)(B).

**AFFIRMED.**

4