[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-16019
Non-Argument Calender
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 19, 2012
JOHN LEY
CLERK

D.C. Docket No. 4:00-cr-00066-HLM-CCH-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

LANCE ROSS,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(June 19, 2012)

Before TJOFLAT, CARNES and KRAVITCH, Circuit Judges.

PER CURIAM:

In 2008, under an amendment to the sentencing guidelines, the district court reduced Lance Ross' 228-month prison sentence for one count of possession with intent to distribute at least 50 grams of crack cocaine in violation of 21 U.S.C. § 841(a) (Count 1) and one count of possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c) (Count 2). Because Ross was responsible for 314.3 grams of crack cocaine, the court calculated a base offense level of 32. See United States Sentencing Guidelines § 2D1.1(c)(4) (Nov. 2007). After a 3-level reduction for acceptance of responsibility, see U.S.S.G. § 3E1.1, Ross' total offense level was 29. Combined with his criminal history category of V, the result was a guidelines range of 140 to 175 months imprisonment. The court sentenced Ross to 140 months in prison on Count 1 and to 60 months on Count 2, with each sentence to run consecutively, see 18 U.S.C. § 924(c)(1)(A)(i), (D)(ii) (imposing a mandatory minimum consecutive prison sentence of 60 months for possession of a firearm in furtherance of a drug trafficking crime).

In 2011 Ross, acting pro se, filed an 18 U.S.C. § 3582(c)(2) motion for a sentence reduction based on Amendment 750 to the sentencing guidelines, which revised the crack cocaine quantity tables in U.S.S.G. § 2D1.1(c). The district court denied that motion, and Ross has appealed. We review only for abuse of discretion a district court's denial of a § 3582(c)(2) motion for a sentence

reduction.  United States v. Williams, 557 F.3d 1254, 1256 (11th Cir. 2009).

Under Amendment 750, the guidelines assign a base offense level of 32 for cases involving at least 280 grams but less than 840 grams of crack cocaine. U.S.S.G. § 2D1.1(c)(4) (Nov. 2011).  Ross was responsible for 314.3 grams of crack cocaine, so his total offense level, after a 3-level reduction for acceptance responsibility, is 29.  Combined with a criminal history category of V, his guidelines range after Amendment 750 is 140 to 175 months, the same guidelines range calculated by the district court in 2008.  Amendment 750 had no effect on Ross' guidelines range, so the district court did not abuse its discretion in denying Ross' motion.  See Williams, 557 F.3d at 1256 ("A district court may modify a term of imprisonment in the case of a defendant who was sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission.  This authority is limited to those guideline amendments . . . that have the effect of lowering the defendant's applicable guideline range." (citation and quotation marks omitted)).

**AFFIRMED.**[1]

---

[1]Ross' contention that the district court erroneously construed his 18 U.S.C. § 3582(c)(2) motion as a 28 U.S.C. § 2255 motion is meritless.

3