[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-14290
Non-Argument Calendar
_____

D.C. Docket No. 1:93-cr-00252-UU-4

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CHEDRICK CRUMMIE,
a.k.a. Shatrack,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(April 23, 2013)

Before DUBINA, Chief Judge, WILSON and ANDERSON, Circuit Judges.

PER CURIAM:

Appellant Chedrick Crummie, a federal prisoner proceeding with counsel, appeals the district court's order granting his motion to reduce sentence, 18 U.S.C. § 3582(c)(2), and reducing his sentence to a term of 360 months' imprisonment. Crummie argues that the court erred "by treating the Guidelines as advisory" and sentencing Crummie to a term that was greater than his amended guideline range of 262 to 327 months' imprisonment that resulted from the application of Amendment 750.

We review *de novo* a district court's legal conclusions on the scope of its authority under 18 U.S.C. § 3582(c)(2). *United States v. Jones*, 548 F.3d 1366, 1368 (11th Cir. 2008). A district court's decision to grant or deny a sentence reduction is reviewed for abuse of discretion. *Id.* at n.1.

A district court may modify a sentence if the defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). When considering a motion for a sentence reduction under § 3582(c)(2), a district court must engage in a two-step analysis. *United States v. Bravo*, 203 F.3d 778, 780 (11th Cir. 2000). First, the court must determine the sentence it would have imposed, given the defendant's amended guideline range and holding all other

2

guideline findings made at the original sentencing hearing constant. *Id.* Second, the court must consider the factors in 18 U.S.C. § 3553(a) and then determine, in its discretion, whether to reduce the defendant's sentence. *Id.* at 781; U.S.S.G. § 1B1.10, comment. (n.1(B)(i)). Under the second step, the district court "must consider the sentencing factors listed in 18 U.S.C. § 3553(a), as well as public safety considerations, and may consider the defendant's post-sentencing conduct, in evaluating whether a reduction in the defendant's sentence is warranted and the extent of any such reduction." *United States v. Williams*, 557 F.3d 1254, 1256 (11th Cir. 2009) (citing U.S.S.G. § 1B1.10, comment. (n.1(B)).

We conclude from the record that the district court neither lacked the authority to sentence Crummie to a term above the modified sentencing range nor abused its discretion in doing so. The district court was required, after recalculating Crummie's sentence under the amended guidelines, to determine the extent to which his sentence should be reduced—if at all—in consideration of the § 3553(a) factors, as well as other concerns. *See generally Williams*, 557 F.3d at 1256. The record indicates that the district court appropriately considered the § 3553(a) factors, giving particular consideration to the seriousness of the offense, in determining that only a reduction to a term above the modified guideline range was appropriate. Accordingly, the court did not abuse its discretion, and we affirm its order.

**AFFIRMED.**