[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-10824
Non-Argument Calendar
_____

D.C. Docket No. 6:05-cr-00018-BAE-1

UNITED STATES OF AMERICA

Plaintiff-Appellee,

versus

JIMMY ANFIELD,

Defendant-Appellant.
_____

Appeal from the United States District Court
for the Southern District of Georgia
_____

(May 13, 2013)

Before TJOFLAT, PRYOR, and EDMONDSON, Circuit Judges.

PER CURIAM:

Jimmy Anfield, a federal prisoner proceeding *pro se*, appeals the district

court's denial of his 18 U.S.C. § 3582(c)(2) motion for a reduction of sentence.

Anfield is currently serving a total sentence of 188 months' imprisonment for possession with intent to distribute cocaine base and being a felon in possession of a firearm.*   In his § 3582(c)(2) motion, Anfield requested that the district court reduce that sentence in light of Amendment 750 to the Sentencing Guidelines, which lowered the base offense levels corresponding to some crack offenses.   The district court concluded that Amendment 750 had lowered Anfield's guideline sentencing range, but denied the motion, making this observation:

> The defendant enlisted the assistance of his daughter in his drug sales, and his home, upon a search, was found to contain illegal drugs and firearms.   The defendant had three prior felony drug convictions, which suggests to the Court that this defendant is unlikely to turn away from criminal behavior in the future.   Pursuant to the factors set forth in 18 U.S.C. § 3553(a), the Court finds that the 188-month sentence the defendant is presently serving is the appropriate sentence.

On appeal, Anfield argues that comments made by Judge Edenfield during his earlier change-of-plea hearing show that the judge is racially prejudiced and improperly biased against him.   He requests that, due to Judge Edenfield's bias, we (1) remove him from the case; (2) vacate Anfield's guilty plea, sentence, and the court's denial of his § 3582(c)(2) motion; and (3) remand the case back to the district court for adjudication before a new judge.

---

∗ Anfield had actually been sentenced to more time, but the District Court reduced the sentence once before the present motion was filed.

2

We review a district court's decision to grant or deny a § 3582(c)(2) sentence reduction for abuse of discretion.   *United States v. White*, 305 F.3d 1264, 1267 (11th Cir. 2002).   But a § 3582(c)(2) proceeding "does not constitute a *de novo* resentencing," and "*all* original sentencing determinations remain unchanged with the sole exception of the guideline range that has been amended since the original sentencing."   *United States v. Bravo*, 203 F.3d 778, 781 (11th Cir. 2000) (emphasis in original).

Under § 3582(c), the district court "may not modify a term of imprisonment once it has been imposed except . . . (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission."   18 U.S.C. § 3582(c).   Amendment 750, effective November 1, 2011, reduced the base offense levels corresponding to some cocaine base possession offenses.   *See* U.S.S.G. App. C, Amend. 750, Part C, subpart A (2011).   Once a district court has determined that a defendant's sentencing range has been lowered by an amendment, that district court "must consider the sentencing factors listed in 18 U.S.C. § 3553(a), as well as public safety considerations . . . in evaluating whether a reduction in the defendant's sentence is warranted."   *United States v. Williams*, 557 F.3d 1254, 1256 (11th Cir. 2009).

3

Anfield's requests that this court remove Judge Edenfield from the case, vacate his conviction and sentence, and remand the case back to the district court for adjudication before a new judge are not properly raised in a § 3582(c)(2) proceeding, and are outside the scope of this appeal.   *See Bravo*, 203 F.3d at 781. For Anfield's remaining request, that we reverse the district court's denial of his § 3582(c)(2) motion, he has not shown that the district court abused its discretion. The district court properly calculated Anfield's amended guideline range, and the record shows that the court denied the § 3582(c)(2) motion due to Anfield's offense conduct and to the court's consideration of the § 3553(a) sentencing factors, rather than the racial prejudice or bias that Anfield alleges.

**AFFIRMED**.

4