[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-11951
Non-Argument Calendar
_____

D.C. Docket No. 0:07-cr-60096-WJZ-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EDWIN DISLA,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(December 8, 2015)

Before HULL, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Pro se federal prisoner Edwin Disla appeals the district court's denial of his

18 U.S.C. § 3582(c)(2) motion for sentence reduction.  The district court found a

§ 3582(c)(2) reduction is not warranted because Disla (1) abused his position as a United States Customs and Border Protection Officer (CBPO) in the commission of his underlying offense and (2) engaged in obstructive conduct during his trial. Disla argues the district court abused its discretion by relying on these two factors and failing to consider his post-sentencing rehabilitation and conduct.[1]  We hold that the district court did not abuse its discretion.  Thus, we affirm.

## I.    Abuse of CBPO Position

Disla first asserts the district court erred in relying on his abuse of his CBPO position because this conduct was already "fully accounted for and punished" by the sentencing court.  But, whether the sentencing court considered this conduct is inapposite.  District courts have discretion to deny a § 3582(c)(2) motion based on the factors listed in 18 U.S.C. § 3553(a), which include "the nature and circumstances of the offense."  *See* 18 U.S.C. § 3553(a)(1); *United States v. Hamilton*, 715 F.3d 328, 337–38 (11th Cir. 2013).  Disla's abuse of his position as a CBPO during the commission of his crime clearly relates to the nature and circumstances of his offense.  As such, the district court did not abuse its discretion in considering this conduct.

## II.    Obstruction During Trial

---

[1] We review a district court's denial of a § 3582(c)(2) motion for abuse of discretion. *United States v. Brown*, 332 F.3d 1341, 1343 (11th Cir. 2003).

Next, Disla argues the district court erred because its finding that he engaged in obstructive conduct during trial is both inconsistent with the original sentencing court's findings and unsupported by the record.  *See Hamilton*, 715 F.3d at 340 (during a § 3582(c)(2)  proceeding, a district court may make new findings supported by the record but it "may not enter any new finding that is inconsistent with a finding . . . made in the original sentence proceeding").  He also asserts that a prisoner's trial conduct is an impermissible consideration in a § 3582(c)(2) proceeding.  However, these arguments are unavailing.

First, Disla's argument that the district court's "obstruction" conclusion is inconsistent with the sentencing court's findings is baseless.  The sentencing court did not make a determination as to Disla's trial conduct.  In addressing this issue, the court explained, "while I might think that [Disla] committed perjury . . . I am not going to reach that issue . . . because it is not necessary."  Given the sentencing court did not rule on whether Disla obstructed his trial, the district court's conclusion is not inconsistent with the sentencing court's findings.  Second, the district court's conclusion is supported by the record; Disla's Presentence Investigation Report (PSI) includes undisputed statements that Disla committed perjury at trial.  *See United States v. Davis*, 587 F.3d 1300, 1303 (11th Cir. 2009) (per curiam) (holding that a court can "make factual findings based on the undisputed statements in the PSI").  Third, Disla's trial conduct relates to "the

3

history and characteristics of the defendant"—a factor listed in § 3553(a).  *See* 18 U.S.C. § 3553(a)(1).  Therefore, the district court did not abuse its discretion in relying on its conclusion that Disla obstructed his trial.

### III.    Post-Sentencing Rehabilitation and Conduct

Finally, Disla asserts the district court abused its discretion by failing to consider his post-sentencing rehabilitation and conduct.  This argument is without merit; consideration of post-sentencing rehabilitation and conduct is within the district court's discretion.  *See* U.S.S.G. § 1B1.10 cmt. 1(B) (stating that the district court "may" consider the prisoner's post-sentencing conduct); *United States v. Williams*, 557 F.3d 1254, 1256 (11th Cir. 2009) (per curiam).

For the foregoing reasons, we affirm.[2]

**AFFIRMED.**

---

[2] Following the district court's denial of his § 3582(c)(2) motion, Disla filed a motion for reconsideration.  The district court then denied the motion.  Disla also appeals this denial. However, his challenge to this denial is solely based on his assertion that the district court did not properly consider his post-sentencing rehabilitation and conduct.  As discussed above, the district court has discretion to consider these factors.  Accordingly, we affirm the district court's denial of Disla's motion for reconsideration.