[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-10611
Non-Argument Calendar
_____

D.C. Docket No. 8:07-cr-00021-SDM-TGW-15

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROBERTO ORTIZ, JR.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(October 18, 2016)

Before WILLIAM PRYOR, ROSENBAUM, and FAY, Circuit Judges.

PER CURIAM:

Roberto Ortiz, Jr., proceeding *pro se*, appeals the district court's

discretionary denial of his motion to reduce his sentence, pursuant to 18 U.S.C.

§ 3582(c)(2), based on Amendment 782 to the United States Sentencing Guidelines. After careful review, we hold that the district court did not abuse its discretion by denying Ortiz a sentence reduction, so we affirm the denial of his § 3582(c)(2) motion.

## I.

In January 2007, Ortiz was indicted for conspiracy to manufacture 1,000 or more marijuana plants, in violation of 21 U.S.C. §§ 841(b)(1)(A)(vii) and 846. The court released Ortiz on bond. He pled not guilty and proceeded to trial, but he fled after the fourth day of trial. The trial continued in his absence, and a jury found him guilty *in absentia* of conspiracy to manufacture at least 100 but not more than 999 marijuana plants. Ortiz was charged in a separate indictment with failing to appear as required by the conditions of his release.

A presentence investigation report ("PSR"), using the 2006 Guidelines Manual, assigned Ortiz a base offense level of 22, *see* U.S.S.G. § 2D1.1(c)(9), because he was responsible for 64.3 kilograms of marijuana. Ortiz also received a four-level role enhancement, *see id.* § 3B1.1(a), and a two-level obstruction-of-justice enhancement for absconding, *see id.* § 3C1.1, resulting in a total offense level of 28. Combined with a criminal history category of I, this established a guideline imprisonment range of 78 to 97 months.

On November 7, 2007, Ortiz was sentenced *in absentia* to 97 months of imprisonment. The district court sentenced Ortiz to the high end of his guideline range both because of his high level of involvement in the scheme and because of the particularly well-organized, efficient, and professional nature of the scheme.

Ortiz was apprehended in Canada nearly three years later. Upon his arrest, he pled guilty to the charge of failure to appear, and he was sentenced to an additional term of 12 months of imprisonment, to run consecutively to the 97-month sentence imposed in his drug case.

In 2014, the United States Sentencing Commission issued Amendment 782, which reduced the offense level for most drug-trafficking offenses, including Ortiz's, by two levels. U.S.S.G. app. C, Amend. 782 (2014). That same year, Ortiz, proceeding *pro se*, filed a motion to reduce his sentence under § 3582(c)(2) based on Amendment 782. Sometime later, counsel appeared on Ortiz's behalf and filed a more detailed § 3582(c)(2) motion.

In his counseled § 3582(c)(2) motion, Ortiz argued that he was eligible for a sentence reduction because Amendment 782 reduced his base offense level to 20, yielding a total offense level of 26 and a guideline imprisonment range of 63 to 78 months. He requested that his sentence be reduced to 63 months, the low end of his amended range. He contended that the 18 U.S.C. § 3553(a) sentencing factors weighed in favor of a reduction, that his post-incarceration history had been

exemplary, and that his original guideline range already had been significantly enhanced due to the fact that he absconded.

The government opposed any reduction in Ortiz's sentence. Had Ortiz not absconded, the government asserted, he would have been released from incarceration before Amendment 782 went into retroactive effect, so permitting a reduction could effectively reward him for fleeing and then remaining at large for three years. Further, the government argued, reducing Ortiz's sentence would "create unwarranted sentencing disparities among defendants like Ortiz who qualified for an Amendment 782 reduction as a result of his obstructive behavior and those drug offenders who complied fully with their pretrial-release conditions and served their full sentences." Finally, the government asserted, reducing Ortiz's sentence would not promote respect for the law, and his role as an organizer in the marijuana-cultivation scheme weighed against a sentence reduction.

The same district court that originally sentenced Ortiz denied his motion. The court explained that, although there was no dispute that Ortiz was eligible for a sentence reduction under Amendment 782, a discretionary reduction was not warranted in Ortiz's case for the reasons stated by the United States in its response to Ortiz's motion. The court specifically pointed to the government's argument that granting a sentence reduction would essentially reward Ortiz for absconding

and remaining at large for three years.  Ortiz appeals the denial of his § 3582(c)(2) motion.

## II.

We review a district court's decision whether to reduce an eligible defendant's sentence under 18 U.S.C. § 3582(c)(2) for an abuse of discretion. *United States v. Williams*, 557 F.3d 1254, 1256 (11th Cir. 2009).  A district court abuses its discretion by failing to apply the proper legal standard, failing to follow proper procedures, or committing a clear error of judgment.  *United States v. Jules*, 595 F.3d 1239, 1241–42 (11th Cir. 2010); *United States v. Drury*, 396 F.3d 1303, 1315 (11th Cir. 2005).

Section 3582(c) permits district courts to reduce a defendant's sentence in the limited circumstances where a retroactively applicable amendment to the Sentencing Guidelines has the effect of lowering the sentencing range under which the defendant was sentenced.  18 U.S.C. § 3582(c)(2).  When presented with a § 3582(c)(2) motion, the district court must first recalculate the defendant's applicable guideline range using the amended guideline.  U.S.S.G. § 1B1.10(b)(1).  A defendant is eligible for a reduction if the amended guideline, such as Amendment 782, lowers the defendant's applicable guideline range.  *See* 18 U.S.C. § 3582(c)(2); U.S.S.G. § 1B1.10 cmt. n.1(A).  If a defendant is eligible, then the district court must decide whether to reduce the defendant's sentence.  U.S.S.G.

§ 1B1.10(a)(1), (b)(1).  While a defendant's eligibility for relief under § 3582(c)(2) presents a legal question, "[the district court's] decision whether to reduce the defendant's sentence, and to what extent, remains discretionary."  *See Williams*, 557 F.3d at 1257.  Thus, eligibility alone does not mean that a defendant is entitled to a discretionary sentence reduction.  *See* U.S.S.G. § 1B1.10 cmt. backg'd ("The authorization of . . . a discretionary reduction . . . does not entitle a defendant to a reduced term of imprisonment as a matter of right.").

In evaluating whether and to what extent a sentence reduction is warranted, the district court "must consider the sentencing factors listed in 18 U.S.C. § 3553(a), as well as public safety considerations, and may consider the defendant's post-sentencing conduct."  *Williams*, 557 F.3d at 1256; *see* 18 U.S.C. § 3582(c)(2); U.S.S.G. § 1B1.10 cmt. n.1(B).  The § 3553(a) sentencing factors include the nature and circumstances of the offense, the history and characteristics of the defendant, the applicable guideline range, and the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, to afford adequate deterrence to criminal conduct, and to protect the public.  18 U.S.C. § 3553(a)(1)-(2), (4).  The district court is not required to discuss each § 3553(a) factor as long as the record as a whole demonstrates that the pertinent factors were taken into account.  *Williams*, 557 F.3d at 1256; *see also United States v. Smith*, 568 F.3d 923, 927–29 (11th Cir. 2009).

6

Here, there is no dispute that Ortiz was eligible for a sentence reduction and that his amended guideline range was 63 to 78 months of imprisonment.  Thus, the only issue before the district court was whether to exercise its discretion to reduce Ortiz's sentence.  After careful review, we hold that the district court did not abuse its discretion by declining to reduce Ortiz's sentence.

The district court's central reason for denying Ortiz's § 3582(c)(2) motion was that allowing him to benefit from Amendment 782 would effectively reward him for absconding and then remaining at large for three years.  Of course, as Ortiz points out, he already has been punished extra for absconding.  The court applied an enhancement for obstruction of justice at his original sentencing, increasing his guideline range, and later imposed a separate consecutive sentence for violating the conditions of his release.

But, despite these additional penalties, the district court's central point is a legitimate one, and it serves as a reasonable basis to deny Ortiz's § 3582(c)(2) motion.  Had Ortiz not absconded, his sentence imposed in November 2007 likely would have expired before November 1, 2015, the date Amendment 782 became available for retroactive relief through § 3582(c)(2).  *See* U.S.S.C. § 1B1.10(e). Specifically, without the obstruction-of-justice enhancement, Ortiz's guideline range would have been at most 63 to 78 months, and his sentence, assuming the district court would have sentenced him to the high end of that range, likely would

have expired sometime in 2014.  Thus, had Ortiz not fled the country, a sentence reduction based on Amendment 782 likely would not have been available to him.

That likelihood, in turn, leads to the government's secondary argument:  that Ortiz should not be able to benefit from Amendment 782 when defendants who were sentenced to similar prison terms at similar times for similar conduct, but who did not abscond like Ortiz, would not have been able to benefit from Amendment 782.  We disagree with Ortiz that the government needed to present evidence establishing a similarly situated comparator in this context.  The argument does not depend on a comparison of particularized facts relevant to the various factors taken into account when sentencing a defendant as an individual. *See, e.g.*, *United States v. Docampo*, 573 F.3d 1091, 1101–02 (11th Cir. 2009). Rather, the potential disparity in application of Amendment 782 is apparent without the need for a specific comparator, and it follows directly from the central point discussed above:  that Ortiz likely would not have been eligible for relief under Amendment 782 had he not absconded.

Ortiz presents various other arguments for why his sentence should be reduced, but they do not undermine the district court's reasons for denying his § 3582(c)(2) motion.  He asserts that he respects the law, that he was a first-time offender, that he made a bad decision and has accepted responsibility, that recent cultural and legal trends demonstrate that marijuana is no longer considered to be

as bad as it was when he was sentenced in 2007, that continuing to incarcerate him serves no effective purpose, as he will continue to be on supervised release for five years, that reducing his sentence will allow him to reintegrate back into society, and that not reducing his sentence effectively double punishes him for absconding.

These arguments are unavailing because the district court's denial was based mainly on the fact that Ortiz absconded and how that fact interacted with his eligibility for relief based on Amendment 782, not on whether Ortiz was otherwise a worthy candidate for a sentence reduction. So, Ortiz's arguments do not directly undermine the basis of the court's decision. Moreover, the record reflects that the district court considered Ortiz's arguments in his § 3582(c)(2) motion but simply found the government's arguments more persuasive. We find the district court's explanation of its reasons sufficient to support the denial of Ortiz's request for a sentence reduction.

Because Ortiz has not shown that the district court applied an improper standard, failed to follow proper procedures, or otherwise made a clear error of judgment, we must affirm the district court's discretionary decision to deny Ortiz's § 3582(c)(2) motion. *See Williams*, 557 F.3d at 1256; *Jules*, 595 F.3d at 1241–42; *Drury*, 396 F.3d at 1315.

**AFFIRMED.**

9