[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-11931

_____

D.C. Docket No. 0:08-cr-60254-WJZ-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

DERRICK TRITTIE,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(May 11, 2021)

Before MARTIN, GRANT, and BRASHER, Circuit Judges.

PER CURIAM:

Derrick Trittie appeals the district court's denial of his motion for a reduced sentence under § 404 of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5222 ("First Step Act").  He says the denial of his motion was procedurally and substantively unreasonable because district courts must consider the sentencing factors in 18 U.S.C. § 3553(a) when ruling on First Step Act motions, and the court failed to do so here.  Trittie also says the district court did not understand its authority to reduce his sentence below the bottom of the guideline range.  After careful consideration and with the benefit of oral argument, we affirm Trittie's sentence.

## I.    BACKGROUND

In 2010, Trittie pled guilty to distributing and possessing with intent to distribute five or more grams of crack cocaine, in violation of 21 U.S.C. § 841(a)(1).  Because Trittie was held responsible for more than five grams of crack cocaine, his offense triggered the then-applicable mandatory minimum of five years' imprisonment with a maximum of forty years.  Id. § 841(b)(1)(B) (2009).

Trittie's Presentence Investigation Report ("PSR") stated that the total weight of crack cocaine involved in his offense was 8.94 grams.  Pursuant to United States Sentencing Guideline § 2D1.1(a)(5), the PSR assigned a base level of 24 because the offense involved at least five grams but less than twenty grams

of crack cocaine. However, Trittie was designated a career offender, so Guideline § 4B1.1 increased his base offense level from 24 to 34 as a result of the forty-year statutory maximum penalty associated with his conviction. After reductions for acceptance of responsibility and assisting the government, his adjusted offense level was 31. With a criminal history category of VI, Trittie's guideline range was 188 to 235 months' imprisonment.

At sentencing, the government told the court it would not be opposed to a variance that used, as a point of reference, the guideline range that then applied to 8.94 grams of powder, as opposed to crack, cocaine. The guideline range for 8.94 grams of powder cocaine was 151 to 188 months' imprisonment. The court then adopted the original guideline range contained in Trittie's PSR (188 to 235 months'), but varied downward and imposed a sentence of 151 months' imprisonment, followed by 48 months' supervised release. Ultimately, the sentence Trittie received was at the low end of the guideline range for powder, not crack, cocaine.

In 2019, Trittie filed a Motion for Sentence Correction Pursuant to § 404(b) of the First Step Act of 2018. Trittie requested that the district court apply the guideline range applicable to his offense under the Fair Sentencing Act of 2010 (151 to 188 months') and vary downward in the same way it did at his original

3

sentencing: to the low end of the guideline range that fell immediately below the applicable range (140 to 175 months').

The district court denied Trittie's motion. After noting that it had "carefully reviewed [the] Motions" and "the entire court file," the court stated:

> Defendant received a variance at the time of his sentencing, and 151 months is already the low end of what would be his new guideline range of 151–188 months. Because any further reduction in Defendant's sentence would reduce his sentence to one that would be lower than his new guideline range of 151–188 months, the Court will not alter this sentence based on any arguments in the instant Motions or any changes in the law pursuant to the First Step Act.

This is Trittie's appeal.

## II.    STANDARDS OF REVIEW

We review de novo whether a district court had the authority to modify a term of imprisonment. United States v. Jones, 962 F.3d 1290, 1296 (11th Cir. 2020). We review a district court's denial of an eligible movant's request for a reduced sentence under the First Step Act for abuse of discretion. Id. A district court abuses its discretion if it "applies an incorrect legal standard, applies the law in an unreasonable or incorrect manner, follows improper procedures in making a determination, or makes findings of fact that are clearly erroneous." Diveroli v. United States, 803 F.3d 1258, 1262 (11th Cir. 2015) (quotation marks omitted). Where consideration of the § 3553(a) factors is required, failure to consider them is

4

an abuse of discretion.  United States v. Pugh, 515 F.3d 1179, 1190 (11th Cir. 2008).

## III.    DISCUSSION

A. The District Court Adequately Considered the § 3553(a) Factors

Trittie argues the district court's denial of his motion for a sentence reduction under § 404 of the First Step Act was procedurally and substantively unreasonable because the court did not consider the sentencing factors in § 3553(a).[1]  He says consideration of these factors is mandatory when ruling on First Step Act motions.  Because we conclude that the district court adequately considered the § 3553(a) factors when it denied Trittie's motion, we need not (and

---

[1] The § 3553(a) factors are:
  (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
  (2)  the need for the sentence imposed—
    (A)  to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
    (B)  to afford adequate deterrence to criminal conduct;
    (C)  to protect the public from further crimes of the defendant; and
    (D)  to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
  (3)  the kinds of sentences available;
  (4)  the [guidelines range] . . .
  (5)  any pertinent policy statement . . . issued by the United States Sentencing Commission . . .
  (6)  the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
  (7)  the need to provide restitution to any victims of the offense.
18 U.S.C. § 3553(a).

do not) address the larger question of whether consideration of those factors is mandatory for resentencing under the First Step Act.

Where courts consider the § 3553(a) factors, they are "not required to articulate the applicability of each factor, as long as the record as a whole demonstrates that the pertinent factors were taken into account by the district court." United States v. Williams, 557 F.3d 1254, 1256 (11th Cir. 2009) (per curiam) (quotation marks omitted). This record demonstrates that the district judge took the pertinent factors into account. The district court's order reflects that it considered the guidelines range and Trittie's criminal history as a career offender. See 18 U.S.C. § 3553(a)(4), (a)(1). And the court ultimately reasoned that it would not further reduce Trittie's sentence because his sentence already aligned with the changes made by the Fair Sentencing Act, which shows the court considered "the need for the sentence imposed" and "the kinds of sentences available." Id. § 3553(a)(2), (a)(3). Thus, although the district court did not affirmatively state that it considered each of the § 3553(a) factors, it is evident from this record that "the pertinent factors were taken into account by the district court." Williams, 557 F.3d at 1256 (quotation marks omitted). Under our precedent, this is enough. See United States v. Dorman, 488 F.3d 936, 944 (11th Cir. 2007) (affirming appellant's sentence because even though the district court did not discuss each of the sentencing factors, the record showed that it considered several of them).

B. <u>The District Court Understood the Scope of Its Authority</u>

At oral argument, Trittie asked us to reverse and remand because the district court did not understand that it had authority to reduce Trittie's sentence below the guideline range now applicable to his offense. <u>See</u> Oral Argument Recording at 1:37–2:47 (Apr. 20, 2021). We have been clear that "neither the First Step Act nor section 3582(c)(1)(B) bar[s] the district court from reducing [a defendant's] sentence below the revised guideline range." <u>Jones</u>, 962 F.3d at 1305.

In denying Trittie's motion, the district court stated it would not alter his sentence "[b]ecause any further reduction in Defendant's sentence would reduce his sentence to one that would be lower than his new guideline range of 151–188 months." Although this language alone could be interpreted to say that the district court thought it was unable to reduce Trittie's sentence, it must be read in context. Just after offering this explanation, the court stated that it "<u>will</u> not" alter Trittie's sentence. The use of "will not" rather than a phrase like "cannot" suggests the district court was exercising its discretion not to reduce Trittie's sentence rather than denying his motion because it felt constrained. We therefore conclude that the district court understood the full scope of its authority under the First Step Act. **AFFIRMED.**