[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 24-11530

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

FRANK J. BALLESTEROS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:11-cr-20698-RNS-3

_____

Before WILLIAM PRYOR, Chief Judge, and ROSENBAUM and ABUDU, Circuit Judges.

PER CURIAM:

Frank Ballesteros appeals *pro se* the denial of his motion for a sentence reduction. 18 U.S.C. § 3582(c)(2). We affirm.

In 2012, a jury convicted Ballesteros of conspiracy to possess with intent to distribute oxycodone and oxymorphone, 21 U.S.C. § 846, conspiracy to commit health care fraud, 18 U.S.C. § 1349, and possession with intent to distribute oxycodone and oxymorphone, 21 U.S.C. § 841(a)(1). Ballesteros's presentence investigation report stated that he was paid to prescribe pain medication fraudulently to recruited Medicare beneficiaries who then sold the drugs to his codefendants for drug trafficking. He wrote 6,667 fraudulent prescriptions for oxycodone and oxymorphone with a total loss of $2,229,155. The report described his 1993 conviction, for which he received no criminal history points, for conspiracy to defraud the United States by signing prescriptions and billing for patients he never saw. The district court calculated a guideline range of 292 to 365 months of imprisonment and sentenced him to 365 months of imprisonment. In 2015, the district court reduced his sentence to 293 months of imprisonment under section 3582(c)(2).

In 2023, Ballesteros moved *pro se* for a sentence reduction under section 3582(c)(2) based on Amendment 821 of the Sentencing Guidelines because he had zero criminal history points and none of the aggravating factors outlined in the amendment. *See*

United States Sentencing Guidelines Manual, Supp. App. C, amend. 821 (Nov. 2023). He described his post-conviction employment and conduct as well as his family ties. The government agreed that the amendment applied to him but opposed his motion based on the statutory sentencing factors, 18 U.S.C. § 3553(a).

The district court denied his motion for a sentence reduction. It concluded that Amendment 821 applied to Ballesteros and that his amended guideline range was 188 to 235 months of imprisonment. But it declined to grant Ballesteros a sentence reduction based on the statutory sentencing factors, including the nature and circumstances of the offense, his history and characteristics, and the need for the sentence to reflect the seriousness of the offense. It found that the offense was serious because it involved the misappropriation of Medicare funds and contributed to the opioid epidemic and that Ballesteros's criminal history was underrepresented because it did not include his prior offense regarding conspiracy to commit healthcare fraud.

We review *de novo* legal conclusions about the authority to grant a sentence reduction under section 3582(c)(2). *United States v. Caraballo-Martinez*, 866 F.3d 1233, 1238 (11th Cir. 2017). If section 3582(c)(2) applies, we review the denial of a sentence reduction for abuse of discretion. *Id.* A district court abuses its discretion if it applies an incorrect legal standard or follows improper procedures. *United States v. Jordan*, 582 F.3d 1239, 1249 (11th Cir. 2009).

A district court may modify a term of imprisonment if the defendant was sentenced based on a sentencing range that has since

been lowered by the Sentencing Commission. 18 U.S.C. § 3582(c)(2). The district court must conduct a two-step analysis by recalculating the range under the amended guidelines and deciding whether to reduce the sentence based on the statutory sentencing factors and public safety. *United States v. Williams*, 557 F.3d 1254, 1256 (11th Cir. 2009). The district court is not required to consider a defendant's post-conviction conduct. *Caraballo-Martinez*, 866 F.3d at 1249.

The district court did not abuse its discretion in denying Ballesteros's motion to reduce his sentence. The district court conducted the two-step process by calculating his new guideline range and considering the statutory sentencing factors. *See Williams*, 557 F.3d at 1256. Its statement regarding the opioid epidemic shows it took public safety into account, *see id.*, and it was not required to consider his post-conviction conduct, *see Caraballo-Martinez*, 866 F.3d at 1249. And the district court reasonably concluded that the statutory sentencing factors weighed against a sentence reduction because Ballesteros's offense involved a $2.2 million Medicare fraud and large quantities of opioids, following a prior conviction for healthcare fraud. *See* 18 U.S.C. § 3553(a).

We **AFFIRM** the denial of Ballesteros's motion for a sentence reduction**.**