[DO NOT PUBLISH]

# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 24-10759

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

TRENARD CALDWELL,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 0:18-cr-60127-WPD-1

_____

Before BRANCH, BRASHER, and BLACK, Circuit Judges.

PER CURIAM:

Trenard Caldwell, proceeding *pro se*, appeals the denial of his motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2). The Government, in turn, has moved for summary affirmance.

A district court may modify a defendant's term of imprisonment if the defendant was sentenced based on a sentencing range that has subsequently been lowered by the Sentencing Commission. 18 U.S.C. § 3582(c)(2). "This authority is limited to those guideline amendments listed in U.S.S.G. § 1B1.10(c) that have the effect of lowering the defendant's applicable guideline range." *United States v. Williams*, 557 F.3d 1254, 1256 (11th Cir. 2009) (addressing § 1B1.10(c), now § 1B1.10(d) (quotation marks omitted)). The applicable policy statement for § 3582(c)(2) motions is § 1B1.10. *United States v. Bryant*, 996 F.3d 1243, 1256 (11th Cir. 2021).

In a motion for a sentence reduction under § 3582(c)(2), a district court must engage in a two-step analysis, including deciding (1) whether a retroactive amendment to the Sentencing Guidelines lowered a defendant's Guidelines range consistent with the applicable policy statements; and (2) whether, in its discretion, it should reduce the defendant's sentence considering the § 3553(a) factors and whether the defendant poses a threat to the safety of the community. *See United States v. Bravo*, 203 F.3d 778, 780-81 (11th Cir.

24-10759                Opinion of the Court                3

2000); *Williams*, 557 F.3d at 1256; U.S.S.G. § 1B1.10, comment. (n.1(B)(i)-(ii)).

In November 2023, Amendment 820 to the Sentencing Guidelines went into effect. *See* U.S. Sentencing Commission, *Adopted Amendments (Effective November 1, 2023)*, Amendment 820. In the Amendment, U.S.S.G. § 3E1.1(b) (2021) was amended by inserting after "1 additional level." the following:

> The term 'preparing for trial' means substantive preparations taken to present the government's case against the defendant to a jury (or judge, in the case of a bench trial) at trial. 'Preparing for trial' is ordinarily indicated by actions taken close to trial, such as preparing witnesses for trial, in limine motions, proposed voir dire questions and jury instructions, and witness and exhibit lists. Preparations for pretrial proceedings (such as litigation related to a charging document, discovery motions, and suppression motions) ordinarily are not considered 'preparing for trial' under this subsection. Post-conviction matters (such as sentencing objections, appeal waivers, and related issues) are not considered 'preparing for trial.'

U.S.S.G. § 3E1.1(b) (2023). Additionally, the commentary to § 3E1.1 captioned "Application Notes" was amended in Note 6 by striking "The government should not withhold such a motion based on interests not identified in § 3E1.1, such as whether the defendant agrees to waive his or her right to appeal." *Compare*

U.S.S.G. § 3E1.1(b), comment (n.6) (2021), *with* U.S.S.G. § 3E1.1(b), comment (n.6) (2023). Amendment 820 did not alter the fact that a defendant can only receive a third acceptance of responsibility point under U.S.S.G. § 3E1.1(b) if the defendant has already received a two-level reduction under § 3E1.1(a). U.S.S.G. § 3E1.1(b).

The district court did not err or abuse its discretion in denying Caldwell's motion to reduce his sentence pursuant to Amendment 820.[1] First, Amendment 820 is not retroactive, as it is not listed among the retroactive amendments in the applicable policy statements, and therefore, it cannot have the effect of lowering his sentence retroactively. *See* U.S.S.G. § 1B1.10(d); 18 U.S.C. § 3582(c)(2). Second, even if Amendment 820 applied retroactively, it would not lower Caldwell's Guidelines range, because he did not receive the two-point acceptance of responsibility reduction and it only relates to the third acceptance of responsibility point which first requires that he receive the two-level reduction. U.S.S.G. § 3E1.1(b); 18 U.S.C. § 3582(c)(2). Therefore, the Government is clearly right as a matter of law and is entitled to summary affirmance. *See Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162

---

[1] We review *de novo* the district court's legal conclusions about the scope of its authority under 18 U.S.C. § 3582(c)(2). *United States v. Lawson*, 686 F.3d 1317, 1319 (11th Cir. 2012). "If § 3582(c)(2) applies, we review a district court's decision to grant or deny a sentence reduction only for abuse of discretion." *United States v. Caraballo-Martinez*, 866 F.3d 1233, 1238 (11th Cir. 2017).

24-10759               Opinion of the Court                    5

(5th Cir. 1969)[2] (stating summary disposition is appropriate, in part, where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where, as is more frequently the case, the appeal is frivolous").

Accordingly, we GRANT the Government's motion for summary affirmance.

**AFFIRMED.**

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), this Court adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to close of business on September 30, 1981.