**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

_____

No. 25-10456

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

DELSON MARC,

*Defendant-Appellant.*

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 9:18-cr-80153-WPD-1

_____

Before JORDAN, LUCK, and KIDD, Circuit Judges.

PER CURIAM:

Delson Marc, proceeding *pro se,* appeals the district court's denial of his motion to reduce his sentence, pursuant to 18 U.S.C. § 3582(c)(2), based on Amendment 821 to the Sentencing

Guidelines, as moot.  He argues that the district court did not properly weigh the necessary factors in denying his motion.  After Mr. Marc filed his brief on appeal, the government moved for summary affirmance.

Summary disposition is appropriate either where time is of the essence, such as "situations where important public policy issues are involved or those where rights delayed are rights denied," or where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where . . . the appeal is frivolous."  *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).

We review the district court's conclusions about the scope of its legal authority under § 3582(c)(2) *de novo*.  *See United States v. Caraballo-Martinez*, 866 F.3d 1233, 1238 (11th Cir. 2017).  If § 3582(c)(2) applies, we review the district court's decision to grant or deny a sentence reduction only for abuse of discretion.  *See id.*  An abuse of discretion arises if the district court "applies an incorrect legal standard, follows improper procedures in making the determination, or makes findings of fact that are clearly erroneous."  *United States v. Jordan*, 582 F.3d 1239, 1249 (11th Cir. 2009) (citation modified).

A district court may modify a defendant's term of imprisonment if the defendant was sentenced based on a sentencing range that has subsequently been lowered by the Sentencing Commission.  *See* 18 U.S.C. § 3582(c)(2).  "This authority is limited to those guideline amendments listed in U.S.S.G. § 1B1.10(c) that have the

effect of lowering the defendant's applicable guideline range." *United States v. Williams*, 557 F.3d 1254, 1256 (11th Cir. 2009) (citation modified).  The applicable policy statement for § 3582(c)(2) motions is U.S.S.G. § 1B1.10.  *See United States v. Bryant*, 996 F.3d 1243, 1256 (11th Cir. 2021).

In considering whether to "reduce the term of imprisonment of an already incarcerated defendant when that defendant was sentenced based on a sentencing range that was subsequently lowered by the Sentencing Commission," a district court must engage in a two-step analysis, including: (1) recalculating the Guideline range under the amended Guidelines; and (2) deciding whether, in its discretion, it should reduce the defendant's sentence considering the § 3553(a) factors and whether the defendant poses a threat to the safety of the community.  *See Williams*, 557 F.3d at 1256; U.S.S.G. § 1B1.10, comment. (n.1(B)(i)-(ii)).

"The court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) . . . to a term that is less than the minimum of the amended guideline range" unless "the term of imprisonment imposed was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing pursuant to a government motion to reflect the defendant's substantial assistance to authorities."    U.S.S.G. § 1B1.10(b)(2)(A)-(B) (citation modified).

Under the Sentencing Guidelines, a total of seven criminal history points results in a criminal history category of IV.  *See* U.S.S.G., Ch. 5, Pt. A, Sentencing Table.  A total of five criminal

history points results in a criminal history category of III. *See id.* A base offense level of 36 and a criminal history category of IV yields an advisory guideline imprisonment range of 262 to 327 months. *See id.* A base offense level of 36 and a criminal history category of III yields a range of 235 to 293 months. *See id.*

In November of 2023, Amendment 821 to the Sentencing Guidelines went into effect. *See* U.S. Sentencing Commission, Adopted Amendments (Effective November 1, 2023), Amendment 821. Through Amendment 821, § 4A1.1(d) of the Sentencing Guidelines was stricken and replaced with § 4A1.1(e). *See id.*; *see also* U.S.S.G. § 1B1.10. To limit the impact of criminal history "status points" on a defendant's sentence, the amended provision adds only one point "if the defendant (1) receives 7 or more points under § 4A1.1(a) through (d), and (2) committed any part of the instant offense while under any criminal justice sentence." Amendment 821. Amendment 821 is covered by the policy statement in U.S.S.G. § 1B1.10(d).

We conclude that summary affirmance is warranted. The government's position is clearly correct as a matter of law that the district court could not further reduce Mr. Marc's sentence. *See Groendyke*, 406 F.2d at 1162.

Mr. Marc was eligible for the sentence reduction as he was subject to the two-status-point addition and, otherwise, he had fewer than seven criminal history points. Under Amendment 821, without his two status points, he would have a total offense level of 36 and criminal history score of 5 resulting in a criminal history

category of III, so the district court correctly recalculated his resulting amended guideline range of 235 to 293 months' imprisonment. *See* Amendment 821; U.S.S.G. Ch. 5, Pt. A, Sentencing Table.  The court could not reduce Mr. Marc's term of imprisonment to less than 235 months' imprisonment, the minimum of the amended guideline range, because the government never filed a motion to reflect Marc's substantial assistance to authorities.  *See* U.S.S.G. § 1B1.10(b)(2)(A)-(B).

Accordingly, because the government's position is clearly correct as a matter of law, we GRANT the government's motion for summary affirmance.  *See Groendyke Transp., Inc.*, 406 F.2d at 1162.

**AFFIRMED.**