[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-14305
Non-Argument Calendar
_____

D.C. Docket No. 1:01-cr-00763-FAM-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

RONALD HUE BURCH,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(April 3, 2017)

Before MARCUS, JORDAN and FAY, Circuit Judges.

PER CURIAM:

Ronald Burch appeals the district court's denial of his 18 U.S.C. § 3582 motion for a reduction of his 240-month sentence based on Amendment 782 to the Sentencing Guidelines. Upon careful review of the record and consideration of the parties' briefs, we affirm.

## I

Because we write for the parties, we assume their familiarity with the underlying record and recite only what is necessary to resolve this appeal.

In 2002, Mr. Burch pled guilty to one count of conspiring to possess, with the intent to distribute, cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846, and one count of possessing a firearm "during and in relation to . . . [a] drug trafficking crime" in violation of 21 U.S.C. § 924(c)(1). According to the then-applicable drug quantity table found in U.S.S.G. § 2D1.1(c)(3), Mr. Burch's base offense level was 34 because his offense involved at least 15 but less than 50 kilograms of cocaine. *See* PSI at ¶ 23.

Mr. Burch's offense level was lowered by two levels because he demonstrated acceptance of responsibility, and by one additional level for timely notifying the government of his intention to plead guilty. *See id.* ¶ 29–30. Based on a total offense level of 31 and criminal history category of V, the drug count's advisory guideline range was 168 to 210 months' imprisonment, while the possession of a firearm count carried a mandatory minimum of 60 months'

consecutive imprisonment.    Mr. Burch was sentenced to 180 months' imprisonment and 60 months' imprisonment, respectively, to run consecutively.

In 2014, Mr. Burch, proceeding *pro se*, filed a § 3582 motion for modification or reduction of sentence based on Amendment 782.  Mr. Burch argued that his sentence should be reduced because of his vocational and educational progress while in prison.  After appointing counsel for Mr. Burch and holding a hearing, the district court denied the motion for a sentence reduction in April of 2015.  In pertinent part, the district court denied the motion because of the violent nature of the offense, Mr. Burch's criminal history, and the need to protect the public.  In addition, the court reasoned that Mr. Burch's coursework did not outweigh consideration of the other § 3553(a) factors.

After the district court denied the § 3582 motion, Mr. Burch filed a *pro se* motion for relief from the judgment, arguing that the district court did not properly articulate its reason for the denial.  That motion was later denied in September of 2015, and Mr. Burch now appeals.[1]

## II

We review *de novo* a district court's legal conclusions about the scope of its authority under 18 U.S.C. § 3582(c)(2).  *See United States v. Anderson*, 772 F.3d

---

[1] The government argues that Mr. Burch's notice of appeal was untimely.  But Mr. Burch's *pro se* motion for relief from judgment was filed within 14 days of the district court's denial of his § 3582 motion and therefore tolled the time for filing a notice of appeal until the district court ruled on Mr. Burch's motion for relief in September of 2015.  *See, e.g.*, *United States v. Glover*, 686 F.3d 1203, 1206 (11th Cir. 2012).

662, 666 (11th Cir. 2014).  Once it is established that § 3582(c)(2) applies, the district court's decision about whether to reduce a sentence is reviewed for abuse of discretion.  *See United States v. Jules*, 595 F.3d 1239, 1241–42 (11th Cir. 2010).  A district court abuses its discretion if, for example, it fails to apply the proper legal standard or to follow proper procedures.  *Id.*

### III

A district court conducts a two-step analysis when considering whether to exercise its discretion to reduce a sentence under § 3582(c)(2).  *See United States v. Bravo*, 203 F.3d 778, 780 (11th Cir. 2000).  First, the district court must determine the sentence it would have imposed using the defendant's amended guideline range while keeping intact all other guideline findings made at the original sentencing hearing.  *See id.*  Second, after considering the factors listed in § 3553(a), the court must decide whether to impose a sentence under the newly-calculated range or to retain the original sentence.  *See United States v. Williams*, 557 F.3d 1254, 1256 (11th Cir. 2009).[2]

The factors listed in § 3553(a) include the need "to reflect the seriousness of the offense; . . . to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; [and] to protect the public from further crimes of

---

[2] The first step of the analysis is not at issue because Mr. Burch is eligible for a two-level reduction.  The applicable advisory sentencing guideline range for Mr. Burch's narcotics offense was lowered by Amendment 782, and can be applied retroactively. Amendment 782 lowered Mr. Burch's base offense level from 168 to 210 months' imprisonment to 140 to 175 months' imprisonment. *See* U.S.S.G. §§ 1B1.1, 2D1.1 (2014).

the defendant." 18 U.S.C. § 3553(a)(2)(A)-(C). Additional factors include "the nature and circumstances of the offense and the history and characteristics of the defendant," as well as "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(1), (a)(6).

The district court has discretion about how to weigh each factor, *see United States v. Clay*, 483 F.3d 739, 743 (11th Cir. 2007), and it is not necessary for a court to articulate each factor, so long as the record demonstrates that the § 3553(a) factors were adequately considered. *See Williams*, 557 F.3d at 1256. Upon considering the factors, a court may also consider the defendant's post-sentencing conduct. *See id*.

Mr. Burch argues that the district court did not provide sufficient reasoning to satisfy the second prong of the analysis. We disagree. The district court did not abuse its discretion because it stated which of the § 3553(a) factors weighed against a sentence reduction and explained that if released, Mr. Burch "would still be young and strong enough to commit strong arm robberies and home invasions." Transcript of Hearing, D.E. 237 at 8.

The district court also expressly considered the violent nature of the offense, Mr. Burch's personal involvement in the offense, and his violent criminal history. *See* §§ 3553(a)(1), (2)(A). Additionally, the district court considered that the time

5

remaining was necessary to provide just punishment and to deter criminal conduct and stated that it generally does not consider conduct of a defendant while imprisoned because it would have to consider the good and the bad in the absence of reliable documentation.

The district court's decision to focus less on Mr. Burch's post-sentencing conduct is not an abuse of discretion because the record, as a whole, demonstrated that the court considered and applied the § 3553(a) factors. *See Williams*, 557 F.3d at 1256. The district court reasoned that the courses Mr. Burch had completed did not outweigh the serious nature of his offense and the need to protect the public. Mr. Burch therefore has not established that the district court applied the wrong legal standard, failed to follow the proper procedures, or abused its discretion in its consideration of the § 3553(a) factors.

## IV

Because the denial of Mr. Burch's § 3582(c)(2) motion for a sentence reduction was within the district court's discretion and properly followed consideration of the § 3553(a) factors, we affirm the district court's ruling.

AFFIRMED.