[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-11734
Non-Argument Calendar

_____

D.C. Docket No. 0:97-cr-06007-FAM-5

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARC VALME,
a.k.a. Palmis,
a.k.a. Palmiste,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(November 20, 2020)

Before WILSON, GRANT, and ANDERSON, Circuit Judges.

PER CURIAM:

Marc Valme, *pro se*, appeals the district court's denial of his motion to reduce his life sentence under 18 U.S.C. § 3582(c)(2) based on Amendment 782 to the Sentencing Guidelines. We vacated and remanded, in part, the district court's previous denial of Valme's motion because the district court did not follow the required two-step process for ruling on § 3582(c)(2) motions. *United States v. Valme*, 802 F.App'x 485 (11th Cir. 2020).We also affirmed the district court's denial of Valme's motion to the extent he brought it under the First Step Act of 2018 ("First Step Act").

On remand, the district court again denied Valme's motion. Now, he argues that his sentence should be reduced because Amendment 782 lowered his offense level and guideline range and that the 18 U.S.C. § 3553(a) factors warranted release based on his post-sentencing conduct. Valme also raises substantive attacks against his convictions and sentences and again raises First Step Act issues.

In 18 U.S.C. § 3582(c)(2) proceedings, we review *de novo* the district court's legal conclusions regarding the scope of its authority under the Sentencing Guidelines. *United States v. Caraballo-Martinez*, 866 F.3d 1233, 1238 (11th Cir. 2017). If § 3582(c)(2) applies, a district court's decision to grant or deny a sentence reduction is reviewed only for an abuse of discretion. *Id.  Pro se* pleadings are liberally construed. *United States v. Webb*, 565 F.3d 789, 792 (11th Cir. 2009).

2

Under § 3582(c)(2), a district court may reduce the prison sentence of a "defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission[.]"  18 U.S.C. § 3582(c)(2); *see also* U.S.S.G. § 1B1.10(a)(1).  "The purpose of § 3582(c)(2) is to give a defendant the benefit of a retroactively applicable amendment to the guidelines."  *United States v. Glover*, 686 F.3d 1203, 1206 (11th Cir. 2012).  Section 3582(c)(2) does not grant the court jurisdiction to consider extraneous resentencing issues, including collateral attacks on a sentence. *See United States v. Bravo*, 203 F.3d 778, 782 (11th Cir. 2000) (district court had no jurisdiction in a § 3582(c)(2) proceeding to consider a defendant's Eighth Amendment claim that his sentence constituted cruel and unusual punishment). Collateral attacks must be brought under 28 U.S.C. § 2255.  *See id.*

Amendment 782 to the Sentencing Guidelines reduced by two the base offense levels of certain drug offenses.  *See* U.S.S.G. App. C, Amend. 782 (2014). After Amendment 782, being responsible for an amount between 150 to 450 kilograms of cocaine results in a base offense level of 36.  *Id.* § 2D1.1(c)(2).

A district court may not reduce a defendant's term of imprisonment unless: (1) the defendant's sentence was based upon a guideline range that the Sentencing Commission subsequently lowered; and (2) a reduction is consistent with applicable policy statements issued by the Sentencing Commission.  18 U.S.C.

§ 3582(c)(2). The district court must follow a two-step process in ruling on a § 3582(c)(2) motion. *Bravo*, 203 F.3d at 780. First, the court must recalculate the defendant's sentence by substituting the amended guideline range for the originally applied guideline range. *Id.* At this step, all other guideline application decisions made during the original sentencing remain intact. *Id.* Second, the court must consider the § 3553(a) sentencing factors and may consider the defendant's post-sentencing conduct in deciding whether a reduction of sentence is warranted. *United States v. Williams*, 557 F.3d 1254, 1256 (11th Cir. 2009). In doing so, the district court is not required to articulate each § 3553(a) factor if the record, as a whole, demonstrates that it took the pertinent factors into account. *Id.* While the two-step analysis is required, the district court's decision whether to reduce the defendant's sentence is discretionary. *Id.* at 1257.

The district court did not abuse its discretion by denying Valme's motion on remand because it performed the required two-step process and properly considered the § 3553(a) sentencing factors before coming to its decision. *See Williams*, 557 F.3d at 1257. After assuming that Valme had met his burden of showing that his base offense level should be reduced by two levels under Amendment 782, the district court accounted for the pertinent § 3553(a) sentencing factors. The district court was not required to consider Valme's post-sentencing conduct. *See id.* at 1256. We have already affirmed the district court's denial of

4

relief under the First Step Act.  And Valme's substantive challenges to his

convictions and sentences should be brought in a different proceeding.  *See Bravo*,

203 F.3d at 782.  Accordingly, we affirm.

**AFFIRMED.**