[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

————————————

No. 24-10939

Non-Argument Calendar

————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

TRENARD CALDWELL,

Defendant-Appellant.

————————————

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 0:18-cr-60127-WPD-1

————————————

Before BRANCH, BRASHER, and BLACK, Circuit Judges.

PER CURIAM:

Trenard Caldwell, proceeding *pro se*, appeals the denial of his motion for sentence reduction pursuant to 18 U.S.C. § 3582(c)(2). Caldwell contends the district court abused its discretion in denying his motion because he was eligible for a sentence reduction and he warranted the reduction. After review,[1] we affirm.

## I. BACKGROUND

In 2018, Caldwell pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (Count 1); unlawful possession of 15 or more unauthorized access devices in violation of 18 U.S.C. §§ 1029(a)(3) and 2 (Count 2); aggravated identity theft, in violation of 18 U.S.C. §§ 1028A(a)(1) and 2 (Count 3); possession of methamphetamine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C) (Count 4); and unlawful possession of 15 or more unauthorized access devices in violation of 18 U.S.C. §§ 1029(a)(3) and 2 (Count 5).  Caldwell's Guidelines range was 110 to 137 months' imprisonment, based on an offense level of 26 and criminal history category of V.  The court sentenced Caldwell to 161 months' imprisonment, consisting of 120

---

[1] We review *de novo* the district court's legal conclusions about the scope of its authority under 18 U.S.C. § 3582(c)(2). *United States v. Lawson*, 686 F.3d 1317, 1319 (11th Cir. 2012).  "If § 3582(c)(2) applies, we review a district court's decision to grant or deny a sentence reduction only for abuse of discretion." *United States v. Caraballo-Martinez*, 866 F.3d 1233, 1238 (11th Cir. 2017).

months as to each of counts 1, 2, and 5, to run concurrently with each other, and concurrent with a 137-month sentence as to Count 4, with an additional 24 months on Count 3, to run consecutively as to Counts 1, 2, 4, and 5.

In October 2023, the district court, upon review of eligible defendants who might benefit from recent amendments to the Sentencing Guidelines, *sua sponte* requested the Government to respond as to whether it should reduce Caldwell's sentence pursuant to Amendment 821. The Government responded and opposed a sentence reduction for Caldwell. It noted that Caldwell was eligible for relief under Amendment 821[2] because he had 8 criminal history points and under the new Guidelines calculations, he would have a total offense level of 26, a criminal history category of IV, and a lower advisory sentencing range of 92 to 115 months. The Government noted that the consecutive two-year mandatory minimum sentence on Count 3 would not be affected.

However, the Government argued that even if Caldwell was eligible for relief, a sentence reduction was not warranted under

---

[2] In November 2023, Amendment 821 to the Sentencing Guidelines went into effect. *See* U.S. Sentencing Commission, *Adopted Amendments (Effective November 1, 2023)*, Amendment 821. In the Amendment, which the Sentencing Commission stated should be applied retroactively, U.S.S.G. § 4Al.1(d) (2021) was stricken and replaced with U.S.S.G. § 4A1.1(e). U.S.S.G. amends. 821, 825 (2023). The amended guideline adds only 1 point "if the defendant (1) receives 7 or more points under [§ 4A1.1] (a) through (d), and (2) committed the instant offense while under any criminal justice sentence . . . ." U.S.S.G. § 4A1.1(e) (2023).

the § 3553(a) factors.  It asserted the nature and circumstances of his offense weighed against a reduction, because they involved a broad range of criminal conduct over a three-year period.  It also contended his history and characteristics weighed against a sentence reduction and referenced Caldwell's long criminal history including a history of illegal firearm possession and use, multiple instances of victimizing other people, and repeated probation violations.  It attached Caldwell's prison disciplinary record and noted he was disciplined for disruptive conduct and for being in an unauthorized area.  With no response from Caldwell, the court entered an order signed on November 3, 2023, that summarily denied Caldwell a sentence reduction after considering the § 3553(a) factors.

On March 8, 2024, Caldwell filed a *pro se* "Motion To Set Aside Judgment/Order Dated November 3, 2023 Denying Motion for Sentence Reduction Pursuant to 18 U.S.C. [§] 3582(c)(2)."  He stated he had been unable to respond to the Government's response to the *sua sponte* order.  Caldwell noted the Government agreed he was eligible for relief under Amendment 821 and asked for the "right to present a compelling argument" in support of his motion for a reduced sentence, but he did not explain why the § 3553(a) factors warranted a reduction in his sentence.  He attached a portion of his sentencing transcript.

The court denied Caldwell's motion to set aside its previous order.  It also denied the motion as construed as an additional motion to reduce his sentence under Part A of Amendment 821.  The court considered his court file and PSI and found a revised

Sentencing Guidelines range with a 1 level reduction for status points would lead to an offense level of 26, criminal history category of IV, and an imprisonment Guidelines range of 92 to 115 plus 24 months. It summarized the procedural history of his case and stated it previously agreed with the Government that Caldwell posed a serious danger to the community and the need to promote respect for the law and protect the public warranted no sentence reduction. The court noted that nothing had changed since its previous assessment. The court stated that it again considered the § 3553(a) factors and now considered his prior perjurious testimony in an evidentiary hearing on his amended motion to withdraw his guilty plea.[3] Caldwell appeals the order denying his motion.

## II. DISCUSSION

A district court may modify a defendant's term of imprisonment if the defendant was sentenced based on a sentencing range that has subsequently been lowered by the Sentencing Commission. 18 U.S.C. § 3582(c)(2). "This authority is limited to those guideline amendments listed in U.S.S.G. § 1B1.10(c) that have the effect of lowering the defendant's applicable guideline range." *United States v. Williams*, 557 F.3d 1254, 1256 (11th Cir. 2009) (quotation marks omitted). The applicable policy statement for

---

[3] After conducting an evidentiary hearing on Caldwell's 2018 amended motion to withdraw his guilty plea, the court found that Caldwell's allegations were "conclusively refuted by the record" and that his sworn testimony during the hearing was not credible.

§ 3582(c)(2) motions is § 1B1.10. *United States v. Bryant*, 996 F.3d 1243, 1256 (11th Cir. 2021).

In considering whether to "reduce the term of imprisonment of an already incarcerated defendant when that defendant was sentenced based on a sentencing range that was subsequently lowered by the Sentencing Commission," a district court must engage in a two-step analysis, including (1) recalculating the Guidelines range under the amended Guidelines; and (2) deciding whether, in its discretion, it should reduce the defendant's sentence considering the § 3553(a) factors and whether the defendant poses a threat to the safety of the community. *United States v. Bravo*, 203 F.3d 778, 780-81 (11th Cir. 2000); *Williams*, 557 F.3d at 1256; U.S.S.G. § 1B1.10, comment. (1(B)(i)-(ii)). District courts are "not required to articulate the applicability of each factor,[4] as long as the record as a whole demonstrates that the pertinent factors were taken into account." *Williams*, 557 F.3d at 1256 (quotation marks omitted). In considering § 3582(c)(2) motions, district courts "may" consider a defendant's post-conviction conduct, but the

---

[4] The § 3553(a) factors include: (1) the nature and circumstances of the offense conduct and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for the sentence imposed to afford adequate deterrence; (4) the need to protect the public; (5) the need to provide the defendant with educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) the pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims. 18 U.S.C. § 3553(a).

decision of whether to reduce a defendant's sentence lies within the sound discretion of the district court. *Id.* at 1256-57; U.S.S.G. § 1B1.10, comment. (1(B)(iii)). District courts are not required to hold hearings for § 3582(c)(2) motions. *United States v. Phillips*, 597 F.3d 1190, 1198 n.18 (11th Cir. 2010).

The district court did not abuse its discretion in denying Caldwell's motion to reduce his sentence. The district court correctly found that Caldwell was eligible for the sentence reduction and did not abuse its discretion in concluding that a reduction was not warranted based on the 18 U.S.C. § 3553(a) factors.

First, the court found, and both parties agree, that Caldwell was eligible for a reduction as his Guidelines range would be lowered under Amendment 821 from 110 to 137 months plus 24 months to 92 to 115 months plus 24 months, and therefore, he met the requirement of step one under § 3582(c)(2). Specifically, under Amendment 821, he met the amended criteria to reduce his criminal history score by 1 point, under U.S.S.G. § 4A1.1(e), because he received 7 or more points and committed the offense under a criminal justice sentence, and therefore, the amendment reduced his status point to 1 instead of 2. 18 U.S.C. § 3582(c)(2); U.S.S.G. § 4A1.1(e).

Second, the court considered the § 3553(a) factors as required by step two of the inquiry. 18 U.S.C. § 3582(c)(2). Using its discretion and considering the facts of the case, the court declined to reduce Caldwell's sentence. The court applied the correct legal standard, because its order noted the change in the Guidelines and

the § 3553(a) factors, and it applied that law to its analysis in conducting the two-step inquiry. *United States v. Jordan*, 582 F.3d 1239, 1249 (11th Cir. 2009) (stating an abuse of discretion arises if the district court "applies an incorrect legal standard, follows improper procedures in making the determination, or makes findings of fact that are clearly erroneous" (quotation marks omitted)). The court followed the proper procedures when it considered Caldwell's motion, the Government's prior response, and the record, and it was not required to hold a hearing on the motion before issuing its order. *See id.*; *Phillips*, 597 F.3d at 1198 n.18. The court did not make any findings of fact that are clearly erroneous, and Caldwell does not allege that it did, as it detailed facts from the trial record in considering the § 3553(a) factors and making its determination.

Further, the court provided sufficient analysis supporting its decision that the § 3553(a) factors weighed against a sentence reduction for Caldwell. Notably, the court cited its previous order denying his sentence reduction and found he posed a serious danger to the community and the need to promote respect for the law and protect the public warranted no sentence reduction. The court noted that nothing had changed since its previous denial of his sentence reduction and that it also considered Caldwell's prior perjurious testimony in an evidentiary hearing on his amended motion to withdraw his guilty plea.

The district court neither erred nor abused its discretion. Accordingly, we affirm.

**AFFIRMED.**