[DO NOT PUBLISH]

# In the
# United States Court of Appeals
## For the Eleventh Circuit

————————————————

No. 24-12612

Non-Argument Calendar

————————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

MARC VALME,
a.k.a. Palmis,
a.k.a. Palmiste,

Defendant-Appellant.

————————————————

Appeal from the United States District Court
for the Southern District of Florida

D.C. Docket No. 0:97-cr-06007-RNS-5

———————————————

Before LAGOA, BRASHER, and WILSON, Circuit Judges.

PER CURIAM:

Marc Valme, a federal prisoner proceeding *pro se*, appeals the district court's denial of his motion for reduced sentence under 18 U.S.C. § 3582(c)(2). Although Valme qualified for relief under Amendment 821 Part B, the district court exercised its discretion to deny relief in light of the 18 U.S.C. § 3553(a) factors. The government, in turn, moves for summary affirmance.

Summary disposition is appropriate either where time is of the essence, such as "situations where important public policy issues are involved or those where rights delayed are rights denied," or where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where, as is more frequently the case, the appeal is frivolous." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969). A motion for summary affirmance postpones the due date for the filing of any remaining brief until we rule on the motion. 11th Cir. R. 31-1(c).

We review *de novo* the district court's legal conclusions about the scope of its authority under section 3582(c)(2). *United States v. Lawson*, 686 F.3d 1317, 1319 (11th Cir. 2012). We review the district court's ultimate decision to grant or deny a sentence reduction only for abuse of discretion. *United States v. Caraballo-*

*Martinez*, 866 F.3d 1233, 1238 (11th Cir. 2017). An abuse of discretion arises if the district court "applies an incorrect legal standard, follows improper procedures in making the determination, or makes findings of fact that are clearly erroneous." *United States v. Jordan*, 582 F.3d 1239, 1249 (11th Cir. 2009) (quotation marks omitted).

A district court may modify a defendant's term of imprisonment if the defendant was sentenced based on a sentencing range that has subsequently been lowered by the Sentencing Commission. 18 U.S.C. § 3582(c)(2). "This authority is limited to those guideline amendments listed in U.S.S.G. § 1B1.10(c) that have the effect of lowering the defendant's applicable guideline range." *United States v. Williams*, 557 F.3d 1254, 1256 (11th Cir. 2009) (quotation marks omitted). If the defendant is eligible for a reduced sentence under the amended guideline, then the court must decide, using its discretion, whether a reduced sentence is warranted in that particular case, after considering the section 3553(a) factors and policy statements. *Dillon v. United States*, 560 U.S. 817, 827 (2010); U.S.S.G. § 1B1.10, comment. (n.1(B)(i)). The court also must consider the nature and seriousness of any danger a reduction poses to persons or the community, and may consider a defendant's post-sentencing conduct. *Williams*, 557 F.3d at 1256; U.S.S.G. § 1B1.10, comment. (n.1(B)((ii)-(iii)).

All agree that Valme is *eligible* for a sentence reduction. In November 2023, Amendment 821 to the Sentencing Guidelines went into effect. *See* U.S.S.G. App. C, amend. 821, pt. A (2023). Part

B, Subpart 1 of Amendment 821 modified Chapter 4 by adding U.S.S.G. § 4C1.1—titled "Adjustment for Certain Zero-Point Offenders"—which provides for a two-level decrease in a defendant's offense level if the defendant satisfies ten criteria. *Id.*, pt. B, subpt. 1. No one disputes that Valme satisfies those criteria. Because Valme did not get the benefit of that two-level decrease when he was originally sentenced, he is eligible to have his sentence reduced.

But, despite Valme's eligibility, the district court reasonably exercised its discretion to deny a reduction after weighing the section 3553(a) factors. The district court noted that Valme took part in a sophisticated conspiracy to smuggle thousands of kilograms of cocaine into the United States. Valme was the Security Director of Port Au Prince Airport in Haiti, where he used the authority of his position to allow drug traffickers to move shipments of cocaine through airport security between 1991 and 1997. Valme's role in the conspiracy involved supervising and controlling armed military officers and directing them to allow drug couriers to smuggle the drugs. The district court concluded that Valme had not shown any remorse and that, if released, Valme would return to Haiti and likely engage in additional crimes. Ultimately, the district court concluded that the section 3553(a) factors weigh against a reduced sentence based on the nature and circumstances of the offense and the need to protect the public. *Dillon*, 560 U.S. at 827; 18 U.S.C. § 3553(a)(1), (a)(2)(A)-(B).

The district court's decision was well within its discretion. Accordingly, because the government's position is clearly correct as a matter of law, we GRANT the government's motion for summary affirmance. *Groendyke Transp., Inc.*, 406 F.2d at 1162.

**AFFIRMED.**