[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 24-13054

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

YINA MARIA CASTANEDA BENAVIDEZ,
a.k.a. La Reina,
a.k.a. Ingeniera,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

2                    Opinion of the Court                    24-13054

D.C. Docket No. 1:16-cr-20575-RNS-5

————————————

Before JORDAN, LUCK, and BLACK, Circuit Judges.

PER CURIAM:

Yina Maria Castaneda Benavidez, proceeding *pro se*, appeals the district court's denial of her motion to reduce her sentence, pursuant to § 3582, based on Amendment 821 to the Sentencing Guidelines. She asserts the court abused its discretion by not analyzing her motion under § 3582(c)(1)(A), not addressing that she exhausted her administrative remedies, and not considering that her health, family needs, and rehabilitation efforts warrant compassionate release. After Castaneda Benavidez filed her brief on appeal, the Government moved for summary affirmance. After review,[1] we grant the Government's motion for summary affirmance.

A district court may modify a defendant's term of imprisonment if the defendant was sentenced based on a sentencing range

---

[1] We review *de novo* the district court's legal conclusions about the scope of its authority under 18 U.S.C. § 3582(c)(2). *United States v. Lawson*, 686 F.3d 1317, 1319 (11th Cir. 2012). If § 3582(c)(2) applies, we review the district court's decision to grant or deny a sentence reduction for abuse of discretion. *United States v. Caraballo-Martinez*, 866 F.3d 1233, 1238 (11th Cir. 2017). Similarly, we review *de novo* whether a defendant is eligible for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A) and the district court's denial of a prisoner's § 3582(c)(1)(A) motion for an abuse of discretion. *United States v. Giron*, 15 F.4th 1343, 1345 (11th Cir. 2021).

that has subsequently been lowered by the Sentencing Commis-sion.  18 U.S.C. § 3582(c)(2).  "This authority is limited to those guideline amendments listed in U.S.S.G. § 1B1.10(c) that have the effect of lowering the defendant's applicable guideline range." *United States v. Williams*, 557 F.3d 1254, 1256 (11th Cir. 2009) (quo-tation marks omitted).

Amendment 821 added a new section, U.S.S.G. § 4C1.1 (2023), which provides for a two-level decrease in a defendant's of-fense level if the defendant satisfies ten criteria.  U.S.S.G. App. C Amendment 821, Pt.B;  *see also* U.S.S.G. § 1B1.10 (listing Amend-ment 821).  Among other things, in order to receive the two-level decrease, the defendant must not have received an adjustment un-der  U.S.S.G.  § 3B1.1  for  an  aggravating  role.  U.S.S.G. § 4C1.1(a)(10).

Summary affirmance is warranted as to Castaneda Be-navidez's Amendment 821 argument because the Government's position is clearly correct as a matter of law.  *See Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969)[2] (stating summary disposition is appropriate where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where . . . the appeal is frivolous").  The district court did not err in determining Castaneda Benavidez  did  not  qualify  for  a  sentencing  reduction  under

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), this Court adopted as binding precedent all decisions of the former Fifth Cir-cuit handed down prior to close of business on September 30, 1981.

Amendment 821 because she received a sentencing adjustment under U.S.S.G. § 3B1.1(b), which plainly disqualifies her from the reduction.  U.S.S.G. § 4C1.1(a)(10).

The Government's remaining arguments as to why the district court did not err in denying Castaneda Benavidez's motion under either § 3582(c)(1)(A) or (c)(2) are also clearly correct as a matter of law.

The First Step Act of 2018 amended 18 U.S.C. § 3582(c)(1)(A) to allow the court to reduce a defendant's term of imprisonment upon motion of the defendant, after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf, or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier.  *See* Pub. L. 115-391, 132 Stat. 5194 § 603; 18 U.S.C. § 3582(c)(1)(A).  A district court may grant a sentence reduction if: (1) an extraordinary and compelling reason exists; (2) a sentencing reduction would be consistent with U.S.S.G. § 1B1.13; and (3) the § 3553(a) factors[3] weigh

---

[3] The § 3553(a) factors include: (1) the nature and circumstances of the offense conduct and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for the sentence imposed to afford adequate deterrence; (4) the need to protect the public; (5) the need to provide the defendant with educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) the pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims.  18 U.S.C. § 3553(a).

in favor of a sentence reduction. *United States v. Tinker*, 14 F.4th 1234, 1237-38 (11th Cir. 2021).

The policy statements applicable to § 3582(c)(1)(A) are found in U.S.S.G. § 1B1.13. *See* U.S.S.G. § 1B1.13. Section 1B1.13 states a defendant's sentence may be reduced, upon motion of the defendant, where extraordinary and compelling reasons warrant the reduction, the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g), and the court considers the factors in 18 U.S.C. § 3553(a). *Id.* § 1B1.13(a). Section 1B1.13, as amended at the time of Castaneda Benavidez's sentence reduction motion, provides that an extraordinary and compelling reason exists under any of the following circumstances or a combination thereof: the medical circumstances of the defendant, the age of the defendant, the family circumstances of the defendant, or if the defendant was the victim of abuse while serving a term of incarceration. *Id.* § 1B1.13(b)(1)-(4). The section also contains a catch-all provision for "other reasons," which provides that a prisoner may be eligible for a sentence reduction if he "presents any other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described [above], are similar in gravity" to the other examples listed. *Id.* § 1B1.13(b)(5).

As an initial matter, the court's discussion of Castaneda Benavidez's exhaustion of administrative remedies would not change the availability of relief under § 3582(c)(1)(A) or (c)(2) as the court independently found she was not entitled to relief under either

subsection.  As to Castaneda Benavidez's argument the court misconstrued her motion and should have analyzed her motion under § 3582(c)(1)(A), the court addressed her alleged extraordinary and compelling reasons and the record reflects the court sufficiently analyzed the § 3553(a) factors in denying her relief.  The court addressed that she had not established extraordinary and compelling reasons to justify compassionate release, acknowledging that, had she intended to move for relief under § 3582(c)(1)(A), release was not warranted as there was no significant change since her last motion for compassionate release.  *See Tinker*, 14 F.4th at 1237-38.

Having found that Castaneda Benavidez independently did not qualify for a sentence reduction under § 3582(c)(1)(A) or (c)(2), the court referenced its prior analyses in orders on Castaneda Benavidez's earlier compassionate release motions and found the only thing that had changed regarding the § 3553(a) factors was her acceptance of responsibility.  However, the court correctly reasoned that her assertion she had accepted responsibility from "day one" was untrue as she objected to the PSI while maintaining her innocence, and did not accept responsibility for the offense when given the opportunity to do so at sentencing.  In its prior analyses, the court acknowledged that, though Castaneda Benavidez's offense was nonviolent, the offense was serious as she trafficked large amounts of cocaine that ended up in the United States.  The court further noted that, serving less than a third of her sentence would not promote respect for the law, provide just punishment for her offense, or afford adequate deterrence.  Similarly, Castaneda Benavidez had served less than one third of her sentence when the

court denied her instant motion.  The record shows the district court relied on the nature of the offense, promoting respect for the law, providing just punishment, and affording adequate deterrence in determining that Castaneda Benavidez was not entitled to relief under § 3582(c)(1)(A) or (c)(2).  18 U.S.C. § 3553(a)(1), (2)(A)-(B).

Castaneda Benavidez's arguments the court should have considered her "other reasons" justifying compassionate release and that her medical conditions and care for her daughter similarly justify compassionate release also fail as a matter of law.  The court found she did not establish extraordinary and compelling reasons justifying release and that the § 3553(a) factors did not weigh in favor of a sentence reduction; thus, it need not consider whether a reduction would be consistent with U.S.S.G. § 1B1.13.  *See United States v. Giron*, 15 F.4th 1343, 1347-48 (11th Cir. 2021) (explaining when the district court finds that one of the three prongs is not met, it need not examine the other prongs).

Accordingly, because the Government's position is clearly correct as a matter of law, we GRANT the Government's motion for summary affirmance.  *Groendyke Transp., Inc.*, 406 F.2d at 1162.

**AFFIRMED.**