[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 24-11995

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

BRAD RICHARD MCKLEROY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama
D.C. Docket No. 6:17-cr-00144-LSC-SGC-1

_____

Before NEWSOM, GRANT, and ANDERSON, Circuit Judges.

PER CURIAM:

Brad Richard McKleroy, a federal prisoner, appeals the district court's denial of his motion for sentence reduction under 18 U.S.C. § 3582(c)(2) based on retroactive Part A of Amendment 821 to the Sentencing Guidelines regarding the calculation of criminal history status points.

McKleroy argues that although the district court correctly determined that Amendment 821 to the Sentencing Guidelines made him eligible for a sentence reduction and considered the proper 18 U.S.C. § 3553(a) factors, the court nonetheless abused its discretion by unreasonably weighing the § 3553(a) factors and determining that they did not warrant a reduced sentence.

We review the district court's decision whether to reduce a sentence under § 3582(c)(2) for an abuse of discretion. *United States v. Williams*, 557 F.3d 1254, 1256 (11th Cir. 2009). Section 3582(c)(2) allows district courts to modify the term of imprisonment of a defendant who was sentenced "based on a sentencing range that has subsequently been lowered by the Sentencing Commission" based on a retroactive amendment "after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). The district court may only reduce a sentence based on guideline amendments, meaning that "extraneous resentencing issues" must not be

considered, and all "original sentencing determinations remain unchanged with the sole exception of the [amended] guideline range." *United States v. Bravo*, 203 F.3d 778, 780-82 (11th Cir. 2000); *see also United States v. Berry*, 701 F.3d 374, 376 (11th Cir. 2012) (explaining that an amendment must be listed in U.S.S.G. § 1B1.10(d) for § 3582(c) to apply).

A district court considering a § 3582(c)(2) motion must engage in a two-step analysis. *Bravo*, 203 F.3d at 780. First, it must recalculate the applicable guideline range, substituting only the amended guideline for the one originally used. *Id.* Second, it must determine, in its discretion, whether to reduce the defendant's sentence. *Id.* at 781.

Under the second step, the district court "must consider the sentencing factors listed in 18 U.S.C. § 3553(a), as well as public safety considerations, and may consider the defendant's post-sentencing conduct, in evaluating whether a reduction in the defendant's sentence is warranted and the extent of any such reduction." *Williams*, 557 F.3d at 1256. The § 3553(a) factors include: (1) the nature and circumstances of the offense; (2) the history and characteristics of the defendant; (3) the seriousness of the offense; (4) the need to promote respect for the law and to provide just punishment for the offense; (5) the need to afford adequate deterrence; (6) the need to protect the public; and (7) the need to avoid unwarranted sentencing disparities between similarly situated defendants. 18 U.S.C. § 3553(a)(1), (a)(2)(A), (a)(2)(B), (a)(2)(C), (a)(6).

The district court need not articulate the specific applicability, if any, of each § 3553(a) factor, as long as the record as a whole "demonstrates that the pertinent factors were taken into account by the district court." *United States v. Vautier*, 144 F.3d 756, 762 (11th Cir. 1998) (quotation marks omitted).

In November 2023, Amendment 821 to the Sentencing Guidelines went into effect. *See* U.S.S.G. Supp. App. C, Amend. 821. In the Amendment, which the Commission stated should be applied retroactively, U.S.S.G. § 4A1.1(d) was stricken and replaced with § 4A1.1(e). *Id.*; *see also* U.S.S.G. § 1B1.10(d). As relevant here, to limit the impact of criminal history "status points" on a defendant's sentence, the amended guideline adds only one point "if the defendant (1) receives 7 or more points under § 4A1.1(a) through (d), and (2) committed any part of the instant offense (*i.e.*, any relevant conduct) while under any criminal justice sentence." U.S.S.G. Supp. App. C, Amend. 821. Under the previous version of the Guidelines that was used to calculate McKleroy's advisory guideline range, two points were added when a defendant committed the instant offense while under a criminal justice sentence. U.S.S.G. § 4A1.1(d) (2016).

Here, as an initial matter, the district court correctly determined that McKleroy qualified for a sentence reduction under Amendment 821, because that amendment was made retroactively applicable and would lower McKleroy's guideline range. *See* U.S.S.G. §§ 1B1.10(d), 4A1.1(e); *id.* Supp. App. C, Amend. 821. Under Amendment 821, McKleroy would not have received the two

scored "status points" that he received in 2017, because he had only one criminal history point then. *See* U.S.S.G. Supp. App. C, Amend. 821; *id*. § 4A1.1(e). Accordingly, his criminal history category would be I, based on one criminal history point, rather than II, which was based on three criminal history points. *See* U.S.S.G. Ch. 5, Pt. A (2016). With a criminal history category of I and an offense level of 29, McKleroy's new advisory guideline range would be 87 to 108 months' imprisonment, rather than 97 to 121 months' imprisonment as originally determined. *Id.*

Still, although McKleroy qualified for a sentence reduction under Amendment 821, the district court did not abuse its discretion in denying McKleroy's § 3582(c)(2) motion. First, the court's implicit recalculation and consideration of McKleroy's amended guideline range was evidenced by the court's statement that McKleroy's original guideline range was 97 to 121 months and that Amendment 821's applicability to his sentence required the court to weigh the 18 U.S.C. § 3553(a) factors to determine whether a sentence reduction was warranted. *Williams*, 557 F.3d at 1256; *Bravo*, 203 F.3d at 780-81.

Second, the court did not unreasonably weigh the § 3553(a) factors and McKleroy's risk to the community in concluding that a § 3582(c)(2) reduction was not warranted. The court explicitly cited the § 3553(a) factors. *Williams*, 557 F.3d at 1256. Although McKleroy argues that several § 3553 factors weighed in favor of granting his § 3582 motion, the court plainly stated that McKleroy's original 121-month sentence was still "appropriate" because it

"reflect[ed] the seriousness of the offense based on the nature and circumstances of his conduct, promote[d] respect for the law, provide[d] just punishment for the offense, and afford[ed] adequate deterrence to criminal conduct." Dist. Ct. Doc. 82 at 7; *see also* 18 U.S.C. § 3553(a); *Williams*, 557 F.3d at 1256. The court was within its discretion to weigh these factors more heavily than the factors cited by McKleroy that deference should be given to the guideline range and the court's original judgment that a sentence at the high end of the range was appropriate and that there was a need to avoid unwarranted sentencing disparities with defendants sentenced under the current guideline range. *See Williams*, 557 F.3d at 1256. Moreover, the court added that releasing McKleroy from prison early "would constitute an unreasonable danger to the community" in light of the nature of the case, including his active solicitation online of child pornography. Dist. Ct. Doc. 82 at 7; *Williams*, 557 F.3d at 1256. While McKleroy argues that the court did not point to any post-offense conduct evidencing that he still posed the same risk, the court was within its discretion to determine that McKleroy still posed a risk to the community based on his serious offense conduct given the absence of evidence indicating otherwise.

Thus, the district court correctly undertook the two-part analysis required when considering McKleroy's § 3582 motion for sentence reduction and did not abuse its discretion when it denied the motion. *Bravo*, 203 F.3d at 780; *Vautier*, 144 F.3d at 760.

**AFFIRMED.**