[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 24-11963

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

ANDRE LYNELL WALLACE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama
D.C. Docket No. 2:09-cr-00453-ACA-JHE-1

_____

Before JILL PRYOR, BRASHER, and ANDERSON, Circuit Judges.

PER CURIAM:

Andre Wallace appeals the district court's order denying his motion for a sentence reduction under 18 U.S.C. § 3582(c)(2). He argues that the district court failed to consider the 18 U.S.C. § 3553(a) factors as procedurally required and abused its discretion by denying him a moderate sentence reduction, based only on a drug-related disciplinary information while incarcerated.

We review the district court's conclusions about the scope of its legal authority under § 3582(c)(2) *de novo*. *United States v. Colon*, 707 F.3d 1255, 1258 (11th Cir. 2013). If § 3582(c)(2) applies, we review the district court's decision to grant or deny a sentence reduction only for abuse of discretion. *United States v. Caraballo-Martinez*, 866 F.3d 1233, 1238 (11th Cir. 2017). A district court abuses its discretion if it "applies an incorrect legal standard, follows improper procedures in making the determination, or makes findings of fact that are clearly erroneous," or "commits a clear error of judgment." *United States v. Harris*, 989 F.3d 908, 911-12 (11th Cir. 2021) (reviewing a motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)).

A district court may modify a defendant's term of imprisonment if the defendant was sentenced based on a sentencing range that has subsequently been lowered by the Sentencing Commission after considering the § 3553(a) factors, if a reduction is consistent with the policy statements issued by the Sentencing

Commission.  18 U.S.C. § 3582(c)(2).  "This authority is limited to those guideline amendments listed in U.S.S.G. § 1B1.10(c) that have the effect of lowering the defendant's applicable guideline range."  *United States v. Williams*, 557 F.3d 1254, 1256 (11th Cir. 2009) (quotation marks omitted).  The applicable policy statement for § 3582(c)(2) motions is § 1B1.10.  *United States v. Bryant*, 996 F.3d 1243, 1256 (11th Cir. 2021), *superseded in part on other grounds by* U.S.S.G. § 1B1.13 (2023).

If a defendant is eligible for a sentence reduction under § 3582(c)(2), a court must consider the § 3553(a) factors to determine whether such a reduction is warranted.  18 U.S.C. § 3582(c)(2).  In considering whether to "reduce the term of imprisonment of an already incarcerated defendant when that defendant was sentenced based on a sentencing range that was subsequently lowered by the Sentencing Commission," a district court must engage in a two-step analysis, including: (1) recalculating the guideline range under the amended guidelines by changing only the amended guideline; and (2) deciding whether, in its discretion, it should reduce the defendant's sentence considering the § 3553(a) factors.  *United States v. Bravo*, 203 F.3d 778, 780-81 (11th Cir. 2000).  The court should also consider whether the defendant poses a threat to the safety of the community in determining whether a reduction is warranted and the extent of such reduction.  U.S.S.G. § 1B1.10, comment. (n.1(B)(ii)).

The § 3553(a) factors include: (1) the nature and circumstances of the offense conduct and the history and characteristics of

the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for the sentence imposed to afford adequate deterrence; (4) the need to protect the public; (5) the need to provide the defendant with educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) the pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims. 18 U.S.C. § 3553(a). District courts are "not required to articulate the applicability of each factor, as long as the record as a whole demonstrates that the pertinent factors were taken into account." *Williams*, 557 F.3d at 1256 (quotation marks omitted).

In considering § 3582(c)(2) motions, district courts "may" consider a defendant's post-conviction conduct, U.S.S.G. § 1B1.10, comment. (n.1(B)(iii)), but the decision of whether to reduce a defendant's sentence lies within the sound discretion of the district court, *Williams*, 557 F.3d at 1256-57. The Supreme Court has stated that "evidence of postsentencing rehabilitation may be highly relevant to several of the § 3553(a) factors that Congress has expressly instructed district courts to consider at sentencing," such as the history and characteristics of the defendant, or the need to protect the public. *Pepper v. United States*, 562 U.S. 476, 491, 493 (2011) (holding that a sister circuit's prohibition of sentencing courts' consideration of post-sentencing rehabilitation at resentencing was improper). Further, the Court explained that "[p]ostsentencing rehabilitation

may also critically inform a sentencing judge's overarching duty under § 3553(a) to 'impose a sentence sufficient, but not greater than necessary,' to comply with the sentencing purposes set forth in § 3553(a)(2)." *Id.* at 491. However, we have recognized that, even following its decision in *Pepper*, the Supreme Court has left the question of what consideration, if any, to give to a defendant's post-sentencing rehabilitation to the district court's discretion. *See United States v. Doyle*, 857 F.3d 1115, 1121 (11th Cir. 2017).

In November 2023, Amendment 821 to the Sentencing Guidelines went into effect. *See* U.S. Sentencing Commission, *Adopted Amendments (Effective November 1, 2023)*, Amendment 821 ("Amendment 821"). The "status points" provision of the Sentencing Guidelines as effective at the time of Wallace's sentencing, to which Amendment 821 applies, stated that two criminal history points were to be added if the defendant committed the instant offense while under any criminal justice sentence, which includes probation. *Id.* § 4A1.1(d) (2021). The Amendment, which the Sentencing Commission stated should be applied retroactively, struck § 4Al.1(d), and replaced it with § 4A1.1(e). *Id.* App. C, Amends. 821, 825 (2023). To limit the impact of criminal history "status points" on a defendant's sentence, § 4A1.1(e) adds only one point if, *inter alia*, the defendant committed any part of the instant offense while under any criminal justice sentence and received seven or more points in his criminal history subtotal. *Id.* § 4A1.1(e) (2023).

In *Chavez-Meza*, the defendant requested a sentence reduction from 135 months' imprisonment, the low end of his initial

guideline range, to 108 months' imprisonment, the low end of his adjusted guideline range, but the district court reduced his sentence to 114 months' imprisonment. *Chavez-Meza v. United States*, 585 U.S. 109, 114 (2018). Chavez-Meza appealed, arguing that the district court failed to adequately explain why it declined to sentence him as he requested. *Id*. at 115. The Supreme Court held that the district court adequately explained Chavez-Meza's sentence when it certified on a form that is had "considered [Chavez-Meza's] motion" and "taken into account the relevant Guidelines policy statements and the § 3553(a) factors." *Id*. at 118 (alterations adopted and quotation marks removed). The Supreme Court did note that the same judge ruled on Chavez-Meza's reduction as originally sentenced him. *Id*. The Supreme Court noted that Chavez-Meza's record was before the district court when it considered his motion, and that while Chavez-Meza pointed to his participation in educational programs while in prison, the government highlighted that Chavez-Meza had committed disciplinary infractions while incarcerated. *Id*.

Here, the district court did not abuse its discretion in denying Wallace's motion to reduce his sentence after properly finding that Wallace was eligible for a sentence reduction because Amendment 821 lowered his guideline range from 177 to 191 months' imprisonment to 166 to 177 months' imprisonment. Though the district court's explanation was brief, the court provided a sufficient analysis supporting its decision and explaining why the § 3553(a) factors weighed against a sentence reduction.

The court stated that it had considered the § 3553(a) factors generally and particularly identified the need to promote respect for the law as implicated by Wallace's disciplinary infractions.  . While the district court did not explicitly address the individual factors beyond "respect for the law," it was not required to do so. *See Williams*, 557 F.3d at 1256; (doc. 97 at 1)  Furthermore, the court's statement that Wallace "ha[d] not demonstrated any more respect for the law while in prison than he did before he was sentenced" also indicates that the court had reviewed the record such that it was familiar with Wallace's conduct leading up to his initial arrest. Additionally, as the government notes, evidence of continued criminal conduct post sentencing bears on several § 3553(a) factors, such as the need to promote respect for the law, the need to provide adequate deterrence, and the history and characteristics of the defendant. *See* 18 U.S.C. § 3553(a); *see also Pepper*, 562 U.S. at 491. And while Wallace correctly notes that the defendant in *Chavez-Meza* was, unlike him, granted some form of reduction, it does not follow from this Court's or the Supreme Court's caselaw that a greater explanation of a district court's reasoning is necessary where the request for a reduction is denied versus where the reduction is granted, though a lesser reduction than requested. *See* 585 U.S. at 114-15, 118.  In sum, though the district court's references to the § 3553(a) factors were brief, its references to the § 3553(a) factors and to Wallace's post-sentencing conduct in conjunction with those factors sufficiently indicated the district court's familiarity with the record and its consideration of the § 3553(a) factors. *Williams*, 557 F.3d at 1256.

While it is true that district courts are not required to consider post-sentencing conduct in evaluating a § 3582 motion, Wallace's argument that post-sentencing conduct must be considered independently of the § 3553(a) factors does not appear to be supported by the caselaw. *Williams*, 557 F.3d at 1256-57; U.S.S.G. § 1B1.10, comment. (n.1(B)(iii)). In fact, the Supreme Court noted in *Pepper* that evidence of post-sentencing rehabilitation is highly relevant to the § 3553(a) factors. *See* 562 U.S. at 491. And this Court has held post-*Pepper* that the weight given to post-sentencing rehabilitation—or in this case, lack thereof—is within the district court's sole discretion. *See Doyle*, 857 F.3d at 1121. Accordingly, the district court's decision to place significant weight on Wallace's post-sentencing conduct was not an abuse of discretion. *See id.*

Finally, to the extent Wallace argues that the district court's denial of his request for a "moderate" sentence reduction was unreasonable based on its cited reasoning, whether and to what extent to reduce a defendant's sentence based on the relevant factors is firmly within the discretion of the district court, and Wallace fails to show that the district court committed a clear error of judgment in denying his request. *See Williams*, 557 F.3d at 1256-57. The district court was permitted to consider his post-sentencing conduct, and the Supreme Court has noted that such information is highly relevant to both the § 3553(a) factors, as discussed above, and to the court's overall duty to "impose a sentence sufficient, but not greater than necessary." *See* U.S.S.G. § 1B1.10, comment. (n.1(B)(iii)); *Pepper*, 562 U.S. at 491. In sum, Wallace fails to show that the district court committed a clear error of judgment in

24-11963               Opinion of the Court                    9

denying his sentence reduction based on his post-sentencing con-duct, which the court noted occurred recently and evinced a lack of respect for the law. *See Harris*, 989 F.3d at 911-12

For the foregoing reasons, the decision of the district court is

**AFFIRMED.**