**NOT FOR PUBLICATION**

In the

# United States Court of Appeals

## For the Eleventh Circuit

————————————

No. 25-12347

Non-Argument Calendar

————————————

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

LUIS ALFREDO PARRALES BRAVO,

*Defendant-Appellant.*

————————————

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:17-cr-00097-WFJ-TGW-3

————————————

Before JORDAN, BRANCH, and KIDD, Circuit Judges.

PER CURIAM:

Luis Alfredo Parrales Bravo appeals the denial of his motion for a sentence reduction, pursuant to 18 U.S.C. § 3582(c)(2), based on a retroactive amendment to the Sentencing Guidelines that

reduced his guidelines range.[1]  He argues that the district court abused its discretion in denying his motion by improperly weighing the 18 U.S.C. § 3553(a) factors and relying on other improper factors including his immigration status and the fact that he did not enter a plea agreement or cooperate with the government.  After review, we affirm.

## I.    Background

In 2017, the United States Coast Guard intercepted a go-fast vessel displaying no indicia of nationality on the high seas.  Parrales Bravo, a native and citizen of Ecuador, was one of four crew members on the vessel.  Authorities discovered 46 bales of cocaine on the vessel weighing approximately 1,100 kilograms.

A federal grand jury indicted Parrales Bravo on one count of conspiracy to possess with intent to distribute five kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States, and one count of possession with intent to distribute five kilograms or more of cocaine while on board a vessel

---

[1] On November 1, 2023, Amendment 821 to the Sentencing Guidelines went into effect.  *See* U.S.S.G. supp. to app. C, amend. 821 (2023).  As relevant here, that amendment applies retroactively and provides a two-level reduction in a defendant's offense level if the defendant satisfies ten criteria, including that the defendant did not receive any criminal-history points.  *Id.*; *see also* U.S.S.G. § 4C1.1(a).

25-12347                  Opinion of the Court                  3

subject to the jurisdiction of the United States.[2]  He entered an open plea of guilty to both counts.

As relevant here, Parrales Bravo had no prior criminal history.  His advisory guidelines range was 135 to 168 months' imprisonment.  He faced a statutory mandatory minimum of ten years' imprisonment and a maximum of life.  After considering the parties' arguments, the guidelines, and the § 3553(a) sentencing factors, the district court imposed a sentence of 135 months' imprisonment to be followed by five years of supervised release. Parrales Bravo appealed, challenging the substantive reasonableness of his sentence, and we affirmed.  *United States v. Bravo*, 731 F. App'x 840 (11th Cir. 2018) (unpublished).

In June 2024, Parrales Bravo filed a *pro se* § 3582(c)(2) motion for a reduction in sentence based on the retroactive application of Amendment 821 of the Sentencing Guidelines.  The district court appointed the Federal Public Defender's Office to represent him. In the unopposed counseled motion, Parrales Bravo argued that he qualified for a sentence reduction because Amendment 821 reduced the advisory guidelines range for offenders like himself, who among other factors, had zero criminal history points.[3]  He

---

[2] Parrales Bravo was paroled into the United States for prosecution in March 2017, and Immigration and Customs Enforcement lodged a detainer against him at that time.

[3] The United States Probation Office submitted a memorandum in conjunction with the motion indicating that Parrales Bravo qualified for a reduction under Amendment 821 and that his amended advisory guidelines range was 120 to 135 months' imprisonment.  The probation office further

4                    Opinion of the Court                    25-12347

argued that the district court should reduce his sentence to the greater of 120 months' imprisonment or time-served in light of his background and abusive childhood, his post-incarceration conduct, and the lack of danger he posed to the community. He noted that he had been incarcerated for eight years and longed to be reunited with his 10-year-old son in Ecuador. With respect to his post-incarceration conduct, Parrales Bravo emphasized that he had completed 573 hours of educational credit while in prison, which would give him "a better opportunity for lawful employment when he returns to Ecuador." He further noted that he had only received one prison disciplinary report in his eight years of incarceration for possessing an unspecified "hazardous tool" on an unspecified date.

The district court denied the motion, concluding that, although Parrales Bravo was eligible for a sentence reduction based on the amended guidelines range, the § 3553(a) factors "militate[d] against a reduction." The court emphasized the seriousness of the offense, highlighting that the offense was "a massive drug venture to smuggle in excess of five kilograms in multiple bales of cocaine" and that "1,100 kilograms" of cocaine were recovered on the vessel. The court further noted that Parrales Bravo's initial sentence of 135 months' imprisonment was at the bottom of the initial guidelines range, which had included credit for his acceptance of responsibility and safety-valve relief. Thus, the court concluded

---

noted that Parrales Bravo "had an immigration detainer" and was "a lifelong resident of Ecuador."

that the 135-month sentence "best account[ed] for the seriousness of the offense," and that a reduction would not promote respect for the law or provide adequate deterrence.  (quotations omitted).  The court noted that two of Parrales Bravo's codefendants had received a lesser sentence of 120 months' imprisonment, but that they had signed a plea agreement and cooperated with the government while Parrales Bravo had not done so.  Additionally, with regard to post-sentencing conduct, the court noted that the fact that Parrales Bravo had received a prison disciplinary action for possession of a hazardous tool weighed against his request for a reduction.  Finally, the court noted in passing that Parrales Bravo would "most likely be deported to Ecuador."  Parrales Bravo timely appealed.

## II.    Discussion

Parrales Bravo argues that the district court abused its discretion in denying his motion for a sentence reduction by improperly weighing the § 3553(a) factors and relying on other improper considerations, including his immigration status and the fact that he did not enter a plea agreement and did not cooperate with the government.

We review a district court's denial of a § 3582(c) motion for an abuse of discretion.  *United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021).  The "district court abuses its discretion if it applies an incorrect legal standard, follows improper procedures in making the determination," makes clearly erroneous factual findings, or

6                    Opinion of the Court                    25-12347

"commits a clear error of judgment." *Id.* at 911–12 (quotations omitted).

Generally, a court "may not modify a term of imprisonment once it has been imposed." *See* 18 U.S.C. § 3582(c). However, § 3582(c)(2) permits a district court to reduce a term of imprisonment if the defendant was sentenced based on a guidelines range "that has subsequently been lowered by the Sentencing Commission,"[4] provided that "such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission," and after considering the § 3553(a) factors. *Id.* § 3582(c)(2).

The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for the sentence imposed to afford adequate deterrence; (4) the need to protect the public; (5) the Sentencing Guidelines range; and (6) the need to avoid unwarranted sentencing disparities. 18 U.S.C. § 3553(a)(1), (a)(2)(A)–(C), (a)(6). The district court need not address each of the § 3553(a) factors and "[t]he weight given to any specific § 3553(a) factor is committed to the sound discretion of the district court." *United States v. Tinker*, 14 F.4th 1234, 1241 (11th Cir. 2021) (quotations omitted). Nevertheless, "a district court abuses

---

[4] It is undisputed that Bravo was statutorily eligible for a sentence reduction based on Amendment 821.

its discretion when it (1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors." *Id.* (alteration adopted) (quotations omitted).

In addition to considering the § 3553(a) factors in deciding whether to grant a sentence reduction for an otherwise eligible defendant, the district court may also "consider the defendant's post-sentencing conduct" as well as "public safety considerations." *United States v. Williams*, 557 F.3d 1254, 1256 (11th Cir. 2009). However, "a judge may not impose a more severe sentence that he would have otherwise based on unfounded assumptions regarding an individual's immigration status or on his personal views of immigration policy." *United States v. Velasquez Velasquez*, 524 F.3d 1248, 1253 (11th Cir. 2008).

Here, the district court did not abuse its discretion in denying Parrales Bravo's § 3582(c)(2) motion for a sentence reduction. The district court explained that a sentence reduction would be inappropriate in light of the § 3553(a) factors, emphasizing the nature and circumstances of the offense, and the need for the sentence to reflect the seriousness of the offense, promote respect for the law, provide adequate deterrence, and avoid unwarranted sentencing disparities.[5]    Although Parrales

---

[5] Parrales Bravo argues that the district court improperly considered the fact that he did not enter a plea and did not cooperate with the government as a basis for denying the reduction. We disagree. The district court's discussion

Bravo argues that the district court placed too much weight on the nature and circumstances of the offense and too little weight on his mitigating circumstances and his positive post-sentencing conduct, the weight to be accorded any given § 3553(a) factor is a matter "committed to the sound discretion of the district court." *See Tinker*, 14 F.4th at 1241 (quotation omitted).

Finally, Parrales Bravo argues that the district court improperly considered his immigration status as a basis for denying the sentence reduction. His argument is unpersuasive. The district court did not mention Parrales Bravo's immigration status when it stated its reasons for denying the motion based on the § 3553(a) factors. Instead, after setting forth its reasons for denying the motion, the district noted in passing in the final sentence of the order that Parrales Bravo "will most likely be deported to Ecuador."[6] Contrary to his argument, there is no indication that

of the fact that Parrales Bravo did not enter a plea agreement and did not cooperate with the government occurred in the context of explaining why two of Parrales Bravo's codefendants, who had entered plea agreements and cooperated with the government, received a lesser sentence of 120 months' imprisonment, and why Parrales Bravo's higher sentence of 135 months' was appropriate in his case and did not reflect an unwarranted sentencing disparity. One of the considerations the district court must consider under § 3553(a) is the need to avoid unwarranted sentencing disparities. Accordingly, the district court did not err in considering whether Parrales Bravo's sentence reflected an unwarranted sentencing disparity.

[6] It is not surprising that the district court noted that Parrales Bravo would likely ultimately be deported in the order given that both Parrales Bravo and the probation office brought to the court's attention in their filings that Parrales Bravo would likely be returned to Ecuador upon his release.

the district court improperly denied the motion "based on unfounded assumptions regarding [his] immigration status or on [the judge's] personal views of immigration policy" or otherwise considered his immigration status a disqualifying factor. *See Velasquez Velasquez*, 524 F.3d at 1253. Accordingly, Parrales Bravo has not shown that the district court abused its discretion in denying his motion, and we affirm.

**AFFIRMED.**